[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
01/07/2000
THOMAS K. KAHN
CLERK

_____

No. 98-4838

_____

D. C. Docket No. 97-773-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee-
Cross-Appellant,

versus

SATURNINO FIGUEROA,

Defendant-Appellant,

ELIZABETH ROMAN,

Defendant-Appellant-
Cross-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(January 7, 2000)**

Before COX and DUBINA, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

PER CURIAM:

Saturnino Figueroa and Elizabeth Roman challenge various district court rulings related to their convictions and sentences on federal charges arising from the discovery of heroin in their luggage at the Miami airport. The Government cross-appeals the district court's application of the "safety valve" provision of U.S.S.G. § 5C1.2 to reduce Roman's sentence. We affirm without opinion the decisions of the district court on the issues raised in the defendants' appeal. *See* 11th Cir. R. 36-1. Addressing the cross-appeal, we conclude that the district court erred in applying the safety valve to determine Roman's sentence, and we vacate and remand with instructions for the district court to resentence Roman accordingly.

## DISCUSSION

Federal agents found heroin in the appellants' luggage during an airport inspection on their return to the United States from Aruba. Following a jury trial, Roman was convicted on a drug-importation count. The district court sentenced her to seventy-eight months in prison followed by three years of supervised release. In determining the sentence, the court concluded that the "safety valve" set forth in U.S.S.G. § 5C1.2 applied.

The safety valve provision, which implements 18 U.S.C. § 3553(f), requires a district court to sentence a defendant in certain drug-possession cases "without

regard to any statutory minimum sentence" if the defendant meets five criteria. U.S.S.G. § 5C1.2. Roman argues, and the district court concluded, that her statements during sentencing satisfied all five criteria. Reviewing de novo the district court's understanding of the scope of its authority under the guideline, *see United States v. Hernandez*, 145 F.3d 1433, 1440 (11th Cir. 1998), we hold instead that Roman did not satisfy the fifth criterion because, on the facts found by the district court, she did not meet its requirement: complete and truthful disclosure of her knowledge of the crime, *see* U.S.S.G. § 5C1.2(5). We further conclude that the fifth criterion does not permit the safety valve to be applied merely because information a defendant chooses to withhold or misrepresent would not, even if fully and accurately disclosed, be of use to the government.

The relevant paragraph begins by mandating use of the safety valve if "not later than the time of the sentencing hearing, the defendant has *truthfully* provided to the Government *all* information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(5) (emphasis added). This plain language requires a defendant to both truthfully and fully disclose information within her knowledge relating to the crime for which she is being sentenced. At several junctures during the sentencing hearing, the district court made statements clearly

3

indicating that it found Roman's disclosures incomplete and untruthful. At one juncture, the court stated that it found "aspects of it not credible." (R.13 at 80.) The court also noted that it did not think Roman's statement "full" with regard to "what she and Mr. Figueroa were doing . . . and how much she knew about it." (R.13 at 82.) Perhaps most damagingly, the court said that it was "not prepared to . . . accept everything in [Roman's] statement." (R.13 at 83.) Nevertheless, it found the safety valve applicable.

In doing so, the court took pains to point out that it did not believe Roman to have more information regarding "who was in charge of th[e] importation . . . where the drugs came from . . . [or] who was up the line in th[e] operation." (R.13 at 82). It apparently considered absence of knowledge on those "very critical points the government [wa]s interested in" enough to apply the safety valve. *Id.* Subsection (5), however, does not permit a sentencing court to make so much of the possible utility of any information possessed by the defendant. Following the independent clause mandating complete and truthful disclosure, the guideline goes on to state: "but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not *preclude* a determination by the court that the defendant has complied with this requirement." U.S.S.G. § 5C1.2(5) (emphasis added). We read this text

4

as merely dispelling an interpretation that would require fully and truthfully disclosed information to be helpful to the government before the safety valve could properly be applied. It does not empower the sentencing court to apply the safety valve simply because it concludes that withheld or misrepresented information would not aid further investigation or prosecution even if properly disclosed.

We therefore vacate Roman's sentence and remand with instructions that the district court resentence Roman in a manner consistent with both this opinion and its own factual findings that she had not completely and truthfully disclosed all she knew about the underlying crimes.

AFFIRMED in PART; VACATED and REMANDED in PART.