[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12179
Non-Argument Calendar

_____

D. C. Docket No. 05-00508-CR-T-24EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SALUTIANO-HERNANDEZ,
a.k.a Jose Salutiano Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 31, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Jose Salutiano-Hernandez appeals his 168-month sentence imposed

following his guilty plea for conspiracy to possess and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. On appeal, Salutiano-Hernandez argues that the district court clearly erred in denying him a safety-valve reduction because he met the five criteria set forth in U.S.S.G. § 5C1.2. While acknowledging that his statements to investigators differed in certain respects from those of his co-defendants, he argues that he fully and truthfully provided all information about the offense. In support, he argues that his disclosure coincided with many of the facts offered by his co-defendants. Salutiano-Hernandez also contends that he should have been given the opportunity to cross-examine his co-defendants.

When considering a district court's denial of safety-valve relief, we review findings of fact for clear error and the application of the Guidelines to those facts de novo. United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004). U.S.S.G. § 5C1.2 (the "safety-valve" provision), implements 18 U.S.C. § 3553(f) and requires a district court to sentence a defendant in certain drug-possession cases without regard to any statutory minimum sentence if the defendant meets the five criteria enumerated in the guideline. See United States v. Brownlee, 204 F.3d 1302, 1304-05 (11th Cir. 2000). U.S.S.G. § 2D1.1(b)(7) provides for a two-level decrease in offense level if the defendant meets the criteria set forth in U.S.S.G.

§ 5C1.2. The burden is on the defendant to show that he has satisfied all of the safety-valve factors and that the information he has provided is truthful. United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997); United States v. Espinosa, 172 F.3d 795, 797 (11th Cir. 1999).

The final 5C1.2(a)(5) factor requires a defendant to truthfully and fully disclose information within his knowledge relating to the crime for which he is being sentenced. See United States v. Figueroa, 199 F.3d 1281, 1283 (11th Cir. 2000). "This final factor is a 'tell-all provision: to meet its requirements, the defendant has an affirmative responsibility to truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004) (emphasis in original; internal punctuation omitted). A district court cannot apply the safety valve if it determines that the defendant withheld or misrepresented information, even if the information would not have aided further investigation or prosecution if properly disclosed. See Figueroa, 199 F.3d at 1283. A defendant's prior lies and omissions, however, "do not, as a matter of law, disqualify a defendant from safety-valve relief so long as the defendant makes a complete and truthful proffer not later than the commencement of the sentencing hearing." Brownlee, 204 F.3d at 1305. A district court may exercise its discretion to

continue the sentencing hearing, and thus give the defendant an opportunity to make a complete and truthful statement, or to correct a prior incomplete or untruthful statement. United States v. Garcia, 405 F.3d 1260, 1275 (11th Cir. 2005).

Upon review of the record and the sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error. The district court did not clearly err in determining that Salutiano-Hernandez had not truthfully and fully disclosed information within his knowledge relating to the crime. Salutiano-Hernandez failed to disclose important facts, including who hired him, who was in charge of the venture, who was to pay him, and the location where the venture began and was to end. The facts that he did disclose differed from the mutually consistent accounts offered by his co-defendants. For example, the co-defendants testified that Salutiano-Hernandez was the captain of the boat, which Salutiano-Hernandez denied. The other defendants also testified that Salutiano-Hernandez was present when the cocaine was loaded on the boat, which he also denied.

Salutiano-Hernandez admits that his statement was inconsistent with his co-defendants' statements in certain respects. He nevertheless argues that some of the information he offered coincided with the statements of his co-defendants. Partial

4

consistency, however, does not show either that Salutiano-Hernandez disclosed everything he knew, or that what he did disclose was truthful. To the contrary, the fact that he disclosed less than his co-defendants did tends to show he was not completely forthcoming. And the fact that some of the details he offered were, as he acknowledges, different from his co-defendants' mutually consistent statements tends to show that what he in fact disclosed was not fully truthful. The district court therefore did not clearly err in determining that Salutiano-Hernandez had not truthfully and fully disclosed information within his knowledge relating to the crime and that the safety-valve provisions, U.S.S.G. §§ 5C1.2 and 2D1.1(b)(7), did not apply to his convictions.

Finally, Salutiano-Hernandez argues that he should have been given an evidentiary hearing where he could have cross-examined his co-defendants. We normally review a district court's denial of an evidentiary hearing before denying safety-valve relief for abuse of discretion. United States v. Gay, 251 F.3d 950, 951 (11th Cir. 2001). But where, as here, the defendant did not request an evidentiary hearing in the district court, we review for plain error. United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005). To prevail, Salutiano-Hernandez must identify an error that is plain, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

5

Here, the district court did not plainly err because Salutiano-Hernandez has failed to show that the denial of an evidentiary hearing affected his substantial rights. At the sentencing hearing, the district court had before it evidence tending to show that Salutiano-Hernandez had not fully and truthfully disclosed information relating to the crime, and no evidence to the contrary. Salutiano-Hernandez did not allege that his co-defendants were lying. Rather, after the district court advised the defendant of the legal consequences of his apparent lack of truthfulness, Salutiano-Hernandez merely expressed a desire to be sentenced right away. The evidence before the district court therefore did not permit any inference of entitlement to the safety-valve reduction. The district court legitimately concluded that an evidentiary hearing was not necessary, and certainly did not plainly err. Moreover, the district court offered to continue the sentencing hearing to allow Salutiano-Hernandez to offer a statement that would allow him to qualify for safety-valve relief. He refused the court's offer. The district court was therefore doubly entitled to conclude that Salutiano-Hernandez had no further arguments to make, and that an evidentiary hearing would have been futile. Accordingly, the district court is

**AFFIRMED.**