[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15719
Non-Argument Calendar

_____

D. C. Docket No. 06-20192-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSLER JEAN-JACQUES,

Defendant-Appellant.

_____

No. 07-10286
Non-Argument Calendar

_____

D. C. Docket No. 06-20192-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA I. FRANK,

Defendant-Appellant.

_____

No. 07-10635
Non-Argument Calendar
_____

D. C. Docket No. 06-20192-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEHIMIE SERAPHIN,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

**(April 16, 2008)**

Before DUBINA, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Patricia Frank and Nehimie Seraphin appeal their convictions for (1)

conspiracy to import five kilograms or more of cocaine into the United States, in

violation of 21 U.S.C. § 963; (2) importation of five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 952(a); (3) conspiracy to possess five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; and (4) possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1).

Osler Jean-Jacques appeals his 121-month sentence, after a guilty plea to conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 963. Jean-Jacques argues that he met his burden of proving his eligibility for safety-valve relief, pursuant to U.S.S.G. § 5C1.2(a), and trial perjury does not disqualify a defendant from receiving that form of relief, as long as the defendant is truthful by the time of the sentencing hearing.

## I. Patricia Frank and Nehimie Seraphin

On appeal, Frank and Seraphin argue: (1) the district court clearly erred in determining that the prosecutor's use of three peremptory challenges during voir dire was not based on intentional racial discrimination; (2) that the court clearly erred by admitting the statements of an alleged co-conspirator through the testimony of a government agent; (3) the district court abused its discretion in admitting the prior consistent statements of a government witness; and (4) that the district court improperly denied their request for a multiple conspiracies jury

3

instruction and erred by giving a deliberate ignorance instruction.

We have reviewed the record and find no reversible error. First, because the government had used three of its four peremptory challenges to eliminate the remaining African American venirepersons, there was no error in finding that Frank and Seraphin had established a prima facie case. However, the government met its burden of providing race-neutral explanations for why it eliminated each of these three African American jurors. Thus, we find no reversible error in the district court's finding that there was no discriminatory intent inherent in any of these explanations and sufficed as race neutral reasons for striking them.

In their second claim, Frank and Seraphin argue that the testimony of a government agent regarding the statements of a co-conspirator was inadmissible hearsay and violated their Sixth Amendment right to confront witnesses against them. Although the district court admitted the agent's testimony under Federal Rule of Evidence 801(d)(2)(e) as statements of a co-conspirator made in furtherance of a conspiracy, we find, on alternative grounds, that there was no error in the admission of this testimony. See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001) (stating that we may affirm the district court's judgment on any ground that finds support in the record). We find that the agent's testimony was not hearsay as it was not offered to prove the truth of the matter

4

asserted. See Fed. R. Evid. 801(c). The statements of the co-conspirator to the

agent[1] were not offered for their truth but rather to show that she was part of the

conspiracy and attempting to conceal this fact. As the agent's testimony was not

hearsay, it does not implicate Frank and Seraphin's rights under the Confrontation

Clause. See Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004) ("[t]he Clause

. . . does not bar the use of testimonial statements for purposes other than

establishing the truth of the matter asserted").

In the third claim, Frank objected to the government's question to a witness

about the contents of a letter that he had written, but neither she nor Seraphin

specifically objected to the prior consistent statement being admitted, and

therefore, the issue was not preserved. Where an issue is not preserved, our review

is for plain error only. United Stated v. Edouard, 485 F.3d 1324, 1343 (11th Cir.

2007). Under this standard, Frank and Seraphin must establish that an error:

(1) occurred; (2) is plain; (3) affects their substantial rights; and (4) seriously

affected the fairness and integrity of the proceedings. United States v. Olano, 507

U.S. 725, 731-32 (1993). Even where an issue is preserved, "[a] district court is

granted broad discretion in determining the admissibility of a prior consistent

---

[1] The statements of the co-conspirator to the agent were that she had gone to Haiti "just to visit friends" and that her co-conspirators' bags were taken by individuals in Haiti for a time and then returned to them.

5

statement under Fed. R. Evid. 801(d)(1)(B) and will not be reversed absent a clear showing of abuse of discretion." United States v. Drury, 396 F.3d 1303, 1317 (11th Cir. 2005). We find no abuse of discretion, much less plain error, in admitting the prior consistent statements of the witness because they were offered to rebut a charge of recent fabrication, and the court was not compelled to conclude that the witness had a motive to fabricate when he made his prior consistent statements.

Finally, we cannot say that the district court erred in denying a multiple conspiracy instruction because the evidence presented at trial proved the existence of the single conspiracy charged in the indictment. Likewise there was no error in giving a deliberate indifference instruction as it could be inferred that Seraphin and Frank were aware of a high probability that there was a controlled substance in the suitcases that they were carrying and deliberately tried to avoid learning any additional facts.

Accordingly, the convictions of Frank and Seraphin are affirmed.

## II. Osler Jean-Jacques

We also find no reversible error in regard to the sentence imposed on Jean-Jacques, and accordingly affirm his sentence.

The standard of review of a district court's factual determinations to grant

6

safety-valve relief is clear error. United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997). Section 5C1.2(a) "requires a defendant to both truthfully and fully disclose information within [his] knowledge relating to the crime for which [he] is being sentenced," in exchange for being sentenced without regard to a statutory minimum sentence. United States v. Figueroa, 199 F.3d 1281, 1283 (11th Cir. 2000). During his guilty plea, Jean-Jacques stipulated to the government's factual account. At Frank's and Seraphin's trial, Jean-Jacques testified to an alternative set of facts. At his own sentencing hearing, he then testified to a third set of facts. Accordingly, the district court did not clearly err by denying Jean-Jacques safety-valve relief because the record supports the court's finding that he had not supplied truthful and complete information to the government.

**AFFIRMED.**