[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-13206
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00263-CR-T-17MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCESCO LONGO,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(June 6, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Francesco Longo appeals his conviction and 78-month

sentence for conspiracy to manufacture, distribute and possess with intent to

distribute methylenedioxymethamphetamine ("MDMA"), in violation of 21 U.S.C. §§ 841, 846. No reversible error has been shown; we affirm.

On appeal, Longo argues that his lawyer rendered ineffective assistance when he allowed Longo to testify at sentencing about drug quantity because his testimony resulted in the denial of safety-valve and acceptance of responsibility reductions. Because the record is not sufficiently developed to evaluate Longo's ineffective assistance of counsel claims at this time, we will not consider them. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) (explaining that we generally will not consider claims of ineffective assistance of counsel on direct appeal "where the district court did not entertain the claim nor develop a factual record").

Longo next argues that his rights under Article 36 of the Vienna Convention on Consular Relations ("VCCR")[1] were violated because the government failed to advise him of his right to a Canadian lawyer; he says that statements he made should be suppressed and that his case should be remanded so the district court can determine whether he was prejudiced by the violation. We have concluded

---

[1]The VCCR, to which the United States is a party, provides that a foreign national who is arrested has the right to contact the consular post of his home country and that arresting authorities must inform the detainee of that right; if the detainee asserts that right, the arresting authorities must forward any desired communications to the local consulate's office. Maharaj v. Sec'y, Dep't of Corr., 432 F.3d 1292, 1304 (11th Cir. 2005).

that the VCCR does not confer judicially enforceable individual rights and, therefore, that the only remedies for a violation of the VCCR are diplomatic, political, or derived from international law. Maharaj, 432 F.3d at 1307; see also United States v. Duarte-Acero, 296 F.3d 1277, 1281-82 (11th Cir. 2002) (determining that suppression of evidence and dismissal of a criminal indictment were not available remedies for an alleged violation of Article 36 of the VCCR). Because Longo does not have an enforceable individual right under the VCCR, the remedies he seeks for the alleged violation are unavailable to him; and his argument for remand fails.[2]

We turn to Longo's sentencing argument. He argues that the district court erred in denying him safety-valve and acceptance of responsibility reductions based on testimony at sentencing by him and a law enforcement officer about drug quantity because the evidence did not show that he knowingly committed perjury but, instead, showed that he simply did not remember his prior debriefing testimony.

Under U.S.S.G. § 5C1.2(a), a district court shall sentence a defendant in certain drug cases "without regard to any statutory minimum sentence" if the

---

[2]Longo also submits that the district court should have treated the VCCR violation as a sentencing factor. But a treaty violation is not a sentencing factor that the district court is required to consider. See 18 U.S.C. § 3553(a).

defendant meets five listed criteria.  When reviewing the denial of safety-valve

relief, we review a district court's factual determinations for clear error.  United

States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004).  And the burden is on the

defendant to show that he has satisfied all of the safety-valve factors and that the

information he has provided is truthful.  United States v. Cruz, 106 F.3d 1553,

1557 (11th Cir. 1997).

Section 5C1.2(a)(5) requires a defendant to disclose truthfully and fully the

information within his knowledge about the crime for which he is being sentenced.

See United States v. Figueroa, 199 F.3d 1281, 1283 (11th Cir. 2000).  At

sentencing, Longo testified about the number of pills of MDMA for which he

should be held accountable.  During his testimony, he stated that he did not

remember the exact number of successful "cooks" he had conducted after his co-

conspirator taught him how to make MDMA, but thought that it was one or two.

The government asked if he recalled his prior debriefing where he told a law

enforcement officer that he had conducted four or five successful cooks.  Longo

testified that he remembered the debriefing, did not remember how many cooks he

had said he made, but specifically denied ever saying that he conducted four or

five cooks.  The officer who debriefed Longo then testified that Longo told him,

4

during the debriefing, that Longo conducted four to five successful cooks of MDMA.

We conclude that the district court did not clearly err in denying safety-valve relief. The district court determined that the officer's testimony was credible and Longo's was not; we defer to this determination. See United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (explaining that credibility determinations are the province of the fact-finder and that, in evaluating the factual version of events between a law enforcement officer and a witness, we will defer to the district court's determinations "unless [its] understanding of the facts appears to be 'unbelievable'"). Based on the officer's testimony, Longo did not testify truthfully either about his debriefing or about the number of successful MDMA cooks he conducted. As such, he failed to carry his burden in showing that he was eligible for safety-valve relief.

The district court also did not clearly err in denying Longo an acceptance of responsibility reduction. United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005) (reviewing factual determination about the denial of acceptance of responsibility for clear error). Where, as here, a defendant pleads guilty but falsely denies relevant conduct that the court determines to be true, he fails to meet his burden in showing he clearly demonstrated acceptance of responsibility under

5

U.S.S.G. § 3E1.1. <u>United States v. Williams</u>, 408 F.3d 745, 756 (11th Cir. 2005); <u>see</u> <u>also</u> <u>Moriarty</u>, 429 F.3d at 1022-23 ("[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility;" such determination is entitled to great deference on review and will not be reversed unless the record clearly demonstrates that the defendant has accepted responsibility).

**AFFIRMED.**