[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14200
Non-Argument Calendar

_____

D. C. Docket No. 06-60339-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS ROLLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 2, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Marcus Rolle appeals his convictions and sentence of imprisonment for 60

months for conspiracy to import at least 500 grams of cocaine and importation of

cocaine.  See 21 U.S.C. §§ 963, 952(a).  Rolle contends that the evidence was insufficient to support his convictions and the district court erred when it did not apply the "safety valve" provision, 18 U.S.C. § 3553(f), to reduce his sentence. We affirm Rolle's convictions and sentence.

We review the "sufficiency of the evidence to support a conviction de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Taylor, 480 F.3d 1025, 1026 (11th Cir.), cert. denied, 128 S. Ct. 130 (2007).  "Credibility determinations are the exclusive province of the jury. United States v. Calderon, 127 F.3d 1314, 1324 (11th Cir. 1997).

To sustain the conviction for conspiracy, there must be sufficient evidence for a jury to find beyond a reasonable doubt that (1) an agreement existed between two or more people to commit a crime, (2) Rolle knew of the essential objectives of that agreement, and (3) Rolle voluntarily and knowingly participated in the crime.  United States v. Battle, 892 F.2d 992, 999 (11th Cir. 1990).  The jury may "infer participation in the conspiracy from the defendant's action or from circumstantial evidence of the scheme."  United States v. Harris, 20 F.3d 445, 452 (11th Cir. 1994).  To sustain the conviction for importing cocaine, the evidence must be sufficient for the jury to find beyond a reasonable doubt that Rolle

2

knowingly participated at some stage in the importation of cocaine. United States v. Martinez, 763 F.2d 1297, 1303-34 (11th Cir. 1985).

The government presented sufficient evidence to support Rolle's convictions for conspiracy to import cocaine and importation of cocaine. The jury was free to believe the testimony of the co-conspirator that Rolle asked him to put the cocaine in the bag and disbelieve the statements Rolle gave to the police officers after his arrest. See United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985); United States v. Vera, 701 F.2d 1349, 1357 (11th Cir. 1983). Because the testimony of the co-conspirator is not unbelievable, we will not disturb the findings of the jury.

Rolle's sentencing argument also fails. Rolle argues that the district court erred when it denied him a the "safety-valve reduction." A district court shall sentence a defendant in certain drug cases "without regard to any statutory minimum sentence" if the defendant meets five listed criteria. See U.S.S.G. § 5C1.2(a). The burden is on the defendant to establish that he has satisfied all of the safety-valve relief and provided truthful information. United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997). Section 5C1.2(a)(5) requires a defendant to disclose truthfully and fully the information within his knowledge about the crime for which he is being sentenced. See United States v.

3

Figueroa, 199 F.3d 1281, 1283 (11th Cir. 2000).

When reviewing the denial of safety-valve relief, we review legal interpretations de novo and the factual determinations of the district court for clear error. United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004). At sentencing, Rolle affirmed his original statement to police. Rolle maintained that he intended to steal the cocaine from the bag, but then decided against it. Rolle asserted that the testimony of the co-conspirator that Rolle asked the co-conspirator to put the cocaine in the bag was false.

The district court did not clearly err when it determined that Rolle did not provide honest and accurate information to the government. The conviction of Rolle by the jury rejected Rolle's account that he was attempting to steal the cocaine, instead of placing it in the bag. Rolle failed to prove that he was eligible for relief under the safety-valve provision.

Rolle's convictions and sentence are **AFFIRMED**.