[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11324
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-14058-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRIN MANNING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 10, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Darrin Manning appeals his 120-month sentence imposed for possession, and conspiracy to possess, with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). Manning contends the district court clearly erred by applying the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), instead of giving him the benefit of the "safety-valve" provisions of 18 U.S.C. § 3553(f) and the sentencing guidelines. See United States Sentencing Guidelines §§ 5C1.2, 2D1.1(b)(11). The district court denied safety-valve relief based on its finding that Manning was not completely truthful and forthcoming in providing information about the offense, a conclusion that was not clearly erroneous. Accordingly, we affirm.

The safety-valve provision of U.S.S.G. § 5C1.2(a) enables sentencing without regard to the statutory minimum for certain offenses if five requirements are met. See United States v. Milkintas, 470 F.3d 1339, 1344 (11th Cir. 2006) (per curiam). The burden is on the defendant to show he has met all the criteria. United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004) (per curiam). If he satisfies this burden, the defendant receives a two-level reduction in offense level. Milkintas, 470 F.3d at 1344; see also U.S.S.G. § 2D1.1(b)(11). The fifth requirement, and the only one at issue here, is that the defendant "has truthfully provided to the Government all information and evidence the defendant has

2

concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). A district court cannot apply the safety valve if it determines the defendant "withheld or misrepresented information." United States v. Figueroa, 199 F.3d 1281, 1282–83 (11th Cir. 2000).

We review the district court's factual determinations and subsequent denial of safety-valve relief only for clear error. Johnson, 375 F.3d at 1302. "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). Accordingly, we "accept the evidence unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." Id. (citation and quotation marks omitted). We must affirm "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985).

We find ample support in the record for the district court's determination that Manning was not completely forthcoming. A reasonable factfinder could determine that Manning refused to admit supplying the crack cocaine for the drug

3

deal because he is protecting his source. Franklin Mack, a co-defendant, stated that Manning supplied the drugs and arrived at their rendezvous point in a black SUV along with Mack's brother, Demetrius. Manning flatly denied that account, but Mack was more credible because he would not benefit from lying about these particular facts, which implicate his brother in the drug deal. Anthony Simmons, another co-defendant, corroborated Mack's story about the SUV and Demetrius, and added details about the existence of a bowl in which Manning transported the drugs. In this "he said, they said" scenario, we cannot conclude it was clear error to credit the testimony of two witnesses over the self-interested testimony of one.

Manning argues that the district court had a clearly erroneous recollection of the record because it said the following: "[I]t has been my experience that people that say 'to be honest with you' are not. And Mr. Manning often said 'to be honest with you' during his testimony." Manning said "to be honest with you" only once in his testimony, not "often." But one misstatement does not render the district court's account implausible "in light of the record viewed in its entirety." Anderson, 470 U.S. at 574 (emphasis added). As discussed above, there were many reasons to find that Manning withheld or misrepresented information.

We are not persuaded, as Manning argues, that either United States v. Alvarado-Rivera, 386 F.3d 861 (8th Cir. 2004), or United States v. Miranda-

4

Santiago, 96 F.3d 517 (1st Cir. 1996), compel a different result. Those cases are not binding in this circuit or on point. Both involved a denial of safety-valve relief based solely on the district court's intuition that the defendant had lied, unlike this case where Manning's testimony was contradicted by other witnesses.

Because we find Manning ineligible for the safety valve, we need not address his argument that he was entitled to a sentence reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Manning was sentenced to the statutory minimum of 120-months imprisonment. Thus, even if he established eligibility under § 3E1.1, such eligibility could not affect his sentence. See United States v. Cruz, 106 F.3d 1553, 1555 n.3 (11th Cir. 1997).

**AFFIRMED.**