[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15514
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-20298-JAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JOSE ANGEL HERNANDEZ,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 21, 2012)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Angel Hernandez appeals his total 60-month sentence, imposed after pleading guilty to conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and attempt to possess with intent to distribute 100 kilograms or more of marijuana, in violation of § 846. On appeal, Hernandez argues that the district court erred when it determined that he did not qualify for safety-valve relief.

The "safety-valve" provision, found in U.S.S.G. § 5C1.2, permits the court to impose a sentence, without regard to the statutory minimum sentences, if the defendant meets all of the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5). In order to comply with this provision, a defendant must demonstrate that he has made a good faith effort to cooperate with the government. "The burden is on the defendant to come forward and to supply truthfully to the government all the information he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). A district court may not apply the safety valve if it determines that the defendant withheld or misrepresented information, even if the information would not have aided further investigation or prosecution if properly disclosed. *United States v. Figueroa*, 199 F.3d 1281, 1282-83 (11th Cir. 2000). In determining the honesty of

2

a defendant, the district court must independently assess the facts and may not rely on the government's assertion of dishonesty. *United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999).

We review the district court's factual determinations in denying a safety-valve reduction for clear error. *Cruz*, 106 F.3d at 1557. Where a fact pattern gives rise to two reasonable and different constructions, "the factfinder's choice between them cannot be clearly erroneous." *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010) (quotation omitted). Also, "[f]or a finding to be clearly erroneous, this Court must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).

At the sentencing hearing, the district court denied application of the safety valve provision and made the following factual findings:

> I find it impossible that, under these circumstances, the extent of what this Defendant knows is limited to, "The people asked my brother to help with the move. They had told him it was marijuana. And we met a guy in a gas station and went with him to a warehouse." There's not even a name–not one name of one person that the brother was in contact with and not even the name of the person that they met in the gas station who he met [and] went with him to the warehouse. . . I just don't find that it's a complete statement such that it qualifies for safety valve, which requires that the Defendant truthfully provide to the Government all information and evidence that he has concerning

3

the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

In addition, Hernandez was arrested with a BlackBerry cell phone on his person which showed he had received incoming calls from alleged co-conspirators just prior to the incident.  Although there was some dispute as to the rightful owner of the cell phone, the district court found that "[r]egardless of whether it was his phone or his brother's phone, if he was in possession of that phone and there were incoming calls coming in on that phone, then, obviously he would have some information about who was calling in on the phone."

In accordance with the above findings, the district court did not clearly err in denying Hernandez safety-valve relief because the district court reasonably concluded that he did not provide the government with "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" as required by U.S.S.G. § 5C1.2(a)(5).

**AFFIRMED.**