[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11726
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cr-00106-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

RITCHIE CLIFF KELLY,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 6, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ritchie Cliff Kelly appeals his sentence of 36-months' imprisonment, imposed after his conviction for conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), and 846.  On appeal, he argues the district court erred by (1) enhancing his sentence for obstruction of justice, (2) denying a safety valve reduction, (3) categorizing Kelly as a minor rather than a minimal participant, and (4) imposing a substantively unreasonable sentence.[1]  Upon review, we affirm.[2]

The district court did not err by enhancing Kelly's sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  The district court heard testimony that several shipping labels for packages sent in the conspiracy were not found in the post office where Kelly worked, even though corresponding labels for those packages were found in another post office.  Kelly also told a co-conspirator he

---

[1] Kelly also argues the district court erred in denying a downward departure for aberrant behavior.  "We lack jurisdiction to review a district court's decision to deny a downward departure unless the district court incorrectly believed that it lacked the authority to grant a departure." *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006).  Nothing in the record indicates the district court thought it lacked the authority to depart downward; rather, the district court chose not to exercise this authority.  We do not have jurisdiction to review Kelly's request for a departure.

[2] With respect to Sentencing Guidelines issues, we review purely legal questions de novo, the district court's factual findings for clear error, and the district court's application of the Guidelines to the facts with due deference. *United States v. Garcia-Sandobal*, 703 F.3d 1278, 1282 (11th Cir. 2013).  We will not find clear error unless we harbor a definite and firm conviction a mistake was made after reviewing the entire record. *United States v. White*, 335 F.3d 1314, 1319 (11th Cir. 2003).  The district court's factual findings must be supported by substantial evidence. *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007).

We review the reasonableness of a sentence under an abuse of discretion standard. *United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc).  We will only vacate a sentence as substantively unreasonable when we have a definite and firm conviction the sentence is outside the range of reasonable sentences. *Id.* at 1190.

destroyed shipping labels, and Kelly confirmed this statement when questioned by a postal inspector.  Substantial evidence therefore supported the conclusion Kelly destroyed shipping labels after he knew about the postal investigation, and the district court did not clearly err in concluding an obstruction of justice enhancement was warranted.  *See United States v. Doe*, 661 F.3d 550, 566 (11th Cir. 2011) (holding enhancement applies when the "obstructive conduct occurred during the course of the investigation, prosecution, or sentencing" of the offense (quotation omitted)).

The district court did not err in denying a safety valve reduction pursuant to U.S.S.G. § 3553(f).  To qualify for this reduction, the defendant must completely and truthfully disclose his knowledge of the crime.  *United States v. Figueroa*, 199 F.3d 1281, 1282 (11th Cir. 2000).  The district court determined, based on substantial evidence, that Kelly destroyed shipping labels.  Kelly denied destroying the labels when questioned by a postal investigator, and he did not admit to destroying the labels before sentencing.  Accordingly, the district court did not clearly err in denying a safety valve reduction because Kelly failed to make a complete disclosure.

The district court did not clearly err by finding Kelly was a minor participant, rather than a minimal participant, pursuant to U.S.S.G. § 3B1.2.  The district court was permitted to consider the totality of the circumstances in making

its role determination, *see id.* § 3B1.2, comment. (n. 3(C)), and could consider

Kelly's destruction of shipping labels in concluding he was not plainly among the

least culpable conspirators.  In weighing Kelly's limited knowledge and lack of

profits against his obstructive conduct supporting the conspiracy, the district court

did not clearly err in determining Kelly played more than a minimal role.  *See*

*United States v. Rodriguez De Varon*, 175 F.3d 930, 946 (11th Cir. 1999) (en banc)

("[W]e recognize that the district court ha[s] considerable discretion in making this

fact-intensive determination.").

Finally, we conclude Kelly's sentence was substantively reasonable even

though Kelly claims he had no knowledge the package contained

methamphetamine.  A defendant's lack of knowledge about the type or quantity of

drugs he transported does not preclude the district court from holding him

accountable for the unknown drug at sentencing.  *United States v. Alvarez-Coria*,

447 F.3d 1340, 1344 (11th Cir. 2006); *see also* U.S.S.G. § 1B1.3 comment. (n.

2(a)(1)) ("[A] defendant who transports a suitcase knowing that it contains a

controlled substance . . . is accountable for the controlled substance in the suitcase

regardless of his knowledge or lack of knowledge of the actual type or amount of

that controlled substance.").  Kelly's crime did not fall outside of the typical set of

cases for which the methamphetamine possession guideline was intended to apply,

and the district court did not abuse its discretion by imposing a sentence based on that guideline.

For the above reasons, we affirm Kelly's sentence.

**AFFIRMED.**