[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11209
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60220-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN FRANCISCO DONIS-GALAN,
a.k.a. El Gordo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 30, 2016)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Juan Francisco Donis-Galan appeals his 51-month sentence, imposed by the district court after he pled guilty to one count of conspiracy to possess with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and one count of attempt to possess with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 846.  On appeal, Donis-Galan asserts that the district court erred in sentencing him because it denied him (1) a two-level "safety-valve" reduction pursuant to §§ 2D1.1(b)(17) and 5C1.2 of the United States Sentencing Guidelines, and (2) a two-level "minor role" reduction under § 3B1.2(b) of the Guidelines.  We conclude that the district court did not commit reversible error.  Accordingly, we affirm.

## I. STANDARD OF REVIEW

"[W]e review the district court's interpretation of the Guidelines and its application of the Guidelines to the facts de novo, but we review its findings of fact only for clear error"  *United States v. Register*, 678 F.3d 1262, 1266 (11th Cir. 2012).  Specifically, "[w]hen reviewing the denial of safety-valve relief, we review for clear error [the] district court's factual determinations."  *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004) (per curiam).  In addition, "a district court's determination of whether a defendant qualifies for a minor role adjustment under the Guidelines is a finding of fact that [is] reviewed only for clear error."  *United States v. Rodriguez De Varon*, 175 F.3d 930, 934 (11th Cir.

2

1999) (en banc). "For a finding to be clearly erroneous, [we] must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (internal quotation marks omitted).

## II.  DISCUSSION

A. The District Court Did Not Err in Denying Donis-Galan a Safety-Valve Reduction.

Section 2D1.1(b)(17) of the Guidelines provides that a defendant may receive a two-level reduction if he meets the safety-valve criteria set forth in § 5C1.2(a). *See* U.S.S.G. § 2D1.1(b)(17). The defendant has the burden of proving that he meets all of the safety-valve criteria. *See United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). Among those criteria is the requirement that: "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). Under this requirement, "[t]he burden is on the defendant to come forward and to supply truthfully to the [G]overnment *all* the information that he possesses about his involvement in the offense, including information relating to the involvement of others." *Cruz*, 106 F.3d at 1557 (emphasis added). A district court cannot apply the safety valve if it determines

that the defendant "withheld or misrepresented information." *See United States v. Figueroa*, 199 F.3d 1281, 1282–83 (11th Cir. 2000) (per curiam).

At Donis-Galan's sentencing hearing, he admitted that he did not provide the Government with the names of his co-conspirators, even though he possessed such information. This admission demonstrated that Donis-Galan did not "fully disclose information within h[is] knowledge relating" to his offenses.[1] *See id.* at 1283. Therefore, the district court did not err in refusing to apply the safety-valve reduction to his sentence. *See id.*

B. The District Court Did Not Err in Denying Donis-Galan a Minor Role Reduction.

The Guidelines provide for a two-level reduction if a defendant was a "minor participant" in the relevant criminal activity. *See* U.S.S.G § 3B1.2(b); *Rodriguez De Varon*, 175 F.3d at 939–40. A minor participant is a participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. A district court's determination of whether a defendant was a minor participant "should be informed by two principles": (1) "the defendant's role in the relevant conduct for which []he has been held accountable at sentencing," and (2) his "role as compared to that of

---

[1] Donis-Galan argues that he was not required to provide the Government with the names of his co-conspirators under § 5C1.2(a)(5) because the Government already had that information. However, § 5C1.2(a)(5) "does not permit a sentencing court to [consider] . . . the possible utility of any information possessed by the defendant." *See Figueroa*, 199 F.3d at 1283. Rather, the dispositive issue when considering the § 5C1.2(a)(5) requirement is whether the defendant "withheld or misrepresented information." *See id.* Thus, Donis-Galan's argument fails.

other participants in h[is] relevant conduct." *Rodriguez De Varon*, 175 F.3d at 940.  Neither of these principles supports a finding that Donis-Galan was a minor participant.

First, the relevant conduct for which the district court held Donis-Galan accountable was conspiring and attempting to possess several kilograms of cocaine for the purpose of distribution.  Donis-Galan's specific criminal activity included: contacting a seller of cocaine on behalf of his co-conspirators, negotiating terms related to the sale of the cocaine, communicating to the seller and his co-conspirators a time and location for the sale, personally exchanging cash for a portion of the cocaine, and taking a cut of the cash for himself.  Donis-Galan was only held accountable for the cocaine related to these efforts.  Accordingly, his "actual and relevant conduct were the same and he did not play a minor role in that conduct." *See United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006) (per curiam) (holding that a defendant who pled guilty to conspiring and attempting to possess with intent to distribute drugs did not qualify for a minor role reduction partly because he "was held accountable for only the drugs . . . that [he] admitted conspiring to transport").

Second, Donis-Galan has "presented no evidence showing that his responsibilities . . . were less important to the conspiracy[/attempt to obtain the cocaine] than those of" the other participants in that conduct.  *See id.*  Indeed,

Donis-Galan was entrusted with arranging the exchange for and personally obtaining the sought after cocaine.

Given that Donis-Galan's actual and relevant conduct were the same and that he has not shown that he was less culpable than other participants in such conduct, the district court did not clearly err in denying him a minor role reduction.[2]  *See id.* at 1343–44.

**AFFIRMED.**

---

[2] Subsequent to Donis-Galan's sentencing, Amendment 794 to the Guidelines—which amended the Commentary to § 3B1.2—went into effect.  Donis-Galan argues that the amendment applies retroactively and that, based on the amendment's changes to the § 3B1.2 Commentary, he qualifies for a minor role reduction.  But, even if the amendment is retroactive, Donis-Galan would remain ineligible for a minor role reduction in light of his above-discussed role in the relevant conduct.