[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10238
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00167-PGB-KRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR MANUEL TALAVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 25, 2017)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Hector Manuel Talavera appeals his 60-month sentence after pleading guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine under 21 U.S.C. § 846 and § 841(b)(1)(B).  Talavera contends that the district court clearly erred when it denied him a safety valve reduction and sentenced him to the applicable statutory minimum.  Specifically, he argues that because he provided the government with a truthful and complete proffer of all the information he knew regarding the offense, he was eligible for safety valve relief pursuant to U.S.S.G. § 5C1.2.

A district court's factual findings and subsequent denial of safety valve relief are reviewed for clear error.  *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).  For offenses of 21 U.S.C. §§ 841 and 846, the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 enable a district court to disregard the statutory minimum sentence if five requirements are met.  *Id.*; U.S.S.G. § 5C1.2(a).  Relevant to this appeal, the fifth requirement for safety valve relief is that, by the time of sentencing, the defendant must truthfully and completely provide the government with all information the defendant has concerning the offense.  18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).  The fact, however, that the defendant does not have relevant or useful information, or that the defendant has information that the government already knows, will not prevent the defendant from satisfying this requirement.  U.S.S.G. § 5C1.2(a)(5).  A defendant who seeks application of

2

the safety valve bears the burden of proving the satisfaction of the requirements. *Cruz*, 106 F.3d at 1557.

A district court cannot apply the safety valve if it determines that the defendant withheld information, even if the information would not have been helpful to the government's investigation. *United States v. Figueroa*, 199 F.3d 1281, 1283 (11th Cir. 2000). Where the defendant's charges include a drug conspiracy under 21 U.S.C. § 846, a complete proffer under the safety valve provision may include information "relating to the involvement of others and to the chain of the narcotics distribution." *Cruz*, 106 F.3d at 1557. Even if a defendant claims ignorance as a justification for nondisclosure, substantial evidence to the contrary will support a district court's finding that the proffer does not meet the requirement of U.S.S.G. § 5C1.2(a)(5). *See id.*

The district court did not clearly err in denying Talavera a safety valve reduction and declining to sentence him below the statutory minimum. It properly found that Talavera withheld information from the government, making his pre-sentencing proffer incomplete under the safety valve provisions of § 5C1.2.

**AFFIRMED.**