[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13919
Non-Argument Calendar

_____

D.C. Docket No. 6:18-cr-00091-CEM-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BIANCA L. TILLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 5, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Bianca Tilly appeals her 63–month sentence for conspiracy to possess a controlled substance with intent to distribute. Tilly argues that the government breached the plea agreement by failing to recommend to the district court that she be granted safety-valve relief pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. After careful review, we find that the government did not breach the plea agreement and affirm.

On April 18, 2018, Tilly was charged by indictment with one count of conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. Tilly was granted pre-trial release, and the terms of her release required GPS monitoring, home incarceration and ordered her to not have any contact with the witnesses in her case. Later, a magistrate judge modified the order and replaced her home-incarceration requirement with a curfew.

On June 25, 2018, Tilly pled guilty pursuant to a written plea agreement. That plea agreement made clear that the government would "recommend to the Court that it impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, pursuant to U.S.S.G. § 5C1.2, if the Court finds that the defendant meets the criteria set forth in 18 U.S.C. § 3553(f)." The plea agreement also required Tilly to cooperate fully with the government in its investigation and prosecution of other persons, in part by "voluntarily and

2

unreservedly disclos[ing] and provid[ing] full, complete, truthful, and honest knowledge, information and cooperation regarding any of the matters herein."  The agreement also explicitly prohibited her from "knowingly provid[ing] incomplete or untruthful testimony, statements, or information."  In the event of a breach of these requirements, the plea agreement made clear that the government reserved the right to prosecute Tilly for perjury or obstruction of justice, and/or to seek the invalidation of the plea agreement.  And nothing in the plea agreement prohibited the government from introducing relevant factual information about the charge at the sentencing hearing.

On July 18, 2018, at her change-of-plea hearing, Tilly asked the district court to allow her to remain at home pending sentencing due to complications she was experiencing with her pregnancy.  The government did not oppose the request.  And the district court, after formally adjudicating Tilly guilty, granted the request and permitted her to remain on release pending sentencing.

On July 31, 2018, thirteen days after her change-of-plea hearing, the government learned that Tilly had violated a condition her release by having contact with Jose Quijada—her boyfriend at the time and one of her alleged co-conspirators in the drug trafficking scheme.  Specifically, on July 31, 2018, when agents went to arrest Quijada at the house of an acquaintance where it was believed he was located, Tilly was found in his presence.  At the time, Tilly knew she was not permitted to

3

have any contact with Quijada as the terms of her supervised release prohibited her from doing so.  She had also been advised by the government that it was "actively looking" for Quijada.  On August 1, 2018, a warrant was issued for Tilly's arrest. But when agents went to arrest her, her GPS monitoring bracelet was found in the street as Tilly had fled.

After about a year at large, on July 12, 2019, Tilly was recaptured.  After her arrest, the district court scheduled a sentencing hearing and ordered Tilly detained prior to that hearing.  At the sentencing hearing, the government opposed Tilly's request for safety-valve release.  After hearing argument and testimony from witnesses, the district court denied the request for safety-valve relief and sentenced Tilly to sixty-three months in prison, followed by four years of supervised release. Tilly timely filed this appeal.

On appeal, Tilly argues that the government breached the terms of her plea agreement when it opposed her request for safety-valve relief at her sentencing hearing because the government promised in the plea agreement not to oppose any such request.  "Whether the government has breached a plea agreement is a question of law that this court reviews *de novo*." *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998).

The government is bound by the promises it makes in a plea agreement. *See, e.g.*, *Santobello v. New York*, 404 U.S. 257, 262 (1971); *United States v. Horsfall*,

552 F.3d 1275, 1281 (11th Cir. 2008) ("The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty."). In construing the scope of the government's promises, we look to the plain meaning of the plea agreement's terms. *See United States v. Copeland*, 381 F.3d 1101, 1105–06 (11th Cir. 2004). We reject "hyper-technical reading[s] of the written agreement" and "rigidly literal approach[es] in the construction of the language." *United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990).

The only clause of Tilly's plea agreement at issue in this case is the provision calling for safety-valve relief. That paragraph reads as follows:

9.    Safety Valve Provision

The United States will recommend to the Court that it impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, pursuant to [U.S.S.G. § 5C1.2], if the Court finds that the defendant meets the criteria set forth in 18 U.S.C. § 3553(f). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Tilly argues that this provision required the government to recommend safety-valve relief at sentencing regardless of whether the district court later concluded that Tilly was not eligible for such relief. Paragraph 9 of the plea agreement, however, explicitly requires that the government recommend safety valve relief only "*if* the Court finds that the defendant meets the criteria set forth in 18 U.S.C. § 3553(f)."

5

(emphasis added).  The fifth factor under § 3553(f) makes clear that safety-valve relief applies only if "not later than the time of sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."  18 U.S.C. § 3553(f)(5). This fifth factor is a "'tell-all' provision." *United States v. Johnson*, 375 F.3d 1300, 1302 (11th Cir. 2004).  It requires the defendant "to come forward and to supply truthfully to the government all the information that [she] possesses about [her] involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). If the district court finds that the defendant has "withheld or misrepresented information," then the safety valve does not apply. *United States v. Figueroa*, 199 F.3d 1281, 1283 (11th Cir. 2000).

The district court here found that Tilly did not qualify for safety valve relief under § 3553(f).  It noted that the government had presented evidence that Tilly had misrepresented her role in the narcotics operation at issue and had deliberately misled law enforcement in an effort to protect her boyfriend and co-conspirator.  The district court then explicitly denied Tilly's  request for safety valve relief.  Because the district court did not find that Tilly was entitled to safety valve relief, the government was not obligated to recommend such relief. The plea agreement made

6

clear that the district court's conclusion that the defendant met the criteria listed in § 3553(f) was a condition precedent to the government's promise to recommend the safety valve.

And insofar as Tilly seeks to argue that the terms of the plea agreement should have prohibited the government from introducing evidence of her untruthfulness, that argument is without merit. By its own terms, the plea agreement allowed the government to provide to the court all truthful and relevant information at sentencing.  Indeed, the government was under a duty to provide this information. *See United States v. Block*, 660 F.2d 1086, 1091 (5th Cir. Unit B. Nov. 1981)[1] ("A prosecutor has a duty to insure that the court has complete and accurate information concerning the defendant, thereby enabling the court to impose an appropriate sentence.").  A plea agreement is therefore not breached when it allows the government to introduce relevant factual information about the defendant at sentencing even if that information might bear on some other promise made regarding a sentence determination. *See United States v. Horsfall*, 552 F.3d 1275, 1282 (11th Cir. 2008).

Our caselaw amply supports this conclusion.  In *Mahique*, Mahique entered into a plea agreement in which the government agreed not to oppose his request to

---

[1]  Decisions issued by Unit B of the former Fifth Circuit are binding precedent in the Eleventh Circuit.  *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

be sentenced under the safety-valve provision "if he is eligible, and the Court makes appropriate findings regarding the criteria." *Id.* at 1331. The defendant failed to appear at sentencing, fled the jurisdiction and was arrested on a fugitive warrant before being extradited to the United States for sentencing. *Id.* After making a full confession, he attempted to retract part of his admissions. *Id.* At the sentencing hearing, the government argued that the defendant was in fact not eligible for safety-valve relief because he had not provided to the government all relevant information regarding the offense. *See id.* at 1332. The district court agreed, and ultimately concluded that the defendant was not eligible for safety-valve relief. *See id.* at 1331. On appeal, Mahique asserted that the government breached the plea agreement by opposing his request to be sentenced under the safety-valve provision. *Id.* at 1332. This Court concluded that the government's promise in the plea agreement not to oppose safety-valve relief was conditioned on Mahique being eligible for the provision and the district court finding that he met all the criteria for application of the provision. *Id.* Thus, because the government argued that Mahique was ineligible for the safety-valve provision since he did not meet the criteria, this Court held that the government did not breach the plea agreement by opposing safety-valve relief. *Id.*

Here, as in *Mahique*, the government did not breach the plea agreement by not recommending safety-valve relief because its obligation to recommend a

sentence in accordance with the Guidelines was conditioned on the district court finding that Tilly met the safety-valve criteria. Because the district court never made that finding, the government did not breach the plea agreement by opposing Tilly's request for safety-valve relief.

For the reasons set forth, we affirm Tilly's sentence for conspiracy to possess a controlled substance with intent to distribute.

**AFFIRMED.**