[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 12, 2004
THOMAS  K. KAHN
CLERK

No. 03-13595

D. C. Docket No. 03-00036 CR-J-25-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME WAYNE JOHNSON,
a.k.a. Jerald W. Johnson,
a.k.a. Adam Jacoby,
a.k.a. Jerry Wayne Johnson,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(July 12, 2004)**

Before EDMONDSON, Chief Judge, TJOFLAT and COX, Circuit Judges.

PER CURIAM:

Jerome Wayne Johnson appeals his sentence for cultivation of marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

Pursuant to a warrant, law enforcement officers searched Johnson's residence and seized 273 live marijuana plants, as well as equipment and supplies used to grow marijuana. Johnson was charged with illegally cultivating marijuana, and pleaded guilty.

Before sentencing, Johnson voluntarily participated in a debriefing by law enforcement officers. While he gave them a detailed analysis of cultivating marijuana, he refused to tell them what he had planned to do with the marijuana he had been cultivating.

At sentencing, the United States and Johnson took opposing views on whether Johnson should be afforded the benefit of the "safety-valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, and thus be sentenced to less than the statutory minimum of five years. The district court refused to grant Johnson the benefit of the safety valve. The court inferred from the number of marijuana plants seized that Johnson intended to distribute the marijuana. And, the court found that Johnson had failed to fully disclose all the circumstances of his offense because Johnson had failed to give authorities information about the intended distribution. Thus, the court denied

Johnson's motion for safety-valve relief, and sentenced Johnson to the statutory minimum of 60 months' imprisonment. Johnson appeals.

## II. ISSUE ON APPEAL AND STANDARDS OF REVIEW

Johnson raises a single issue on appeal: whether the district court erred by denying him the benefit of the "safety-valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

When reviewing the denial of safety-valve relief, we review for clear error a district court's factual determinations. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). We review de novo the court's legal interpretation of the statutes and sentencing guidelines. *United States v. McAllister*, 160 F.3d 1304, 1306 (11th Cir. 1998); *United States v. Williams*, 340 F.3d 1231, 1238-39 (11th Cir. 2003).

## III. CONTENTIONS OF THE PARTIES

Johnson contends that the district court erred by too broadly defining the scope of information that must be disclosed to merit safety-valve relief. More specifically, he maintains that the court incorrectly denied him the benefit of the safety valve based on his failure to divulge information about the intended distribution of the marijuana he was growing, as he contends that information about distribution was unrelated to his offense of cultivation. He argues that he provided all the information

3

necessary when the scope of information he was required to disclose is properly defined with reference to the crime of cultivation.

The Government contends that the district court properly refused to grant Johnson safety-valve relief.

IV. DISCUSSION

Title 18, U.S.C., Section 3553(f) directs a sentencing court to "impose a sentence pursuant to the guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that" five of five listed factors are present. This provision, as well as U.S.S.G. § 5C1.2 which employs the same list of factors, is commonly called the "safety valve." It applies to a limited number of crimes, and cultivating marijuana in violation of 21 U.S.C. § 841 is one of them.

The burden is on the defendant to show that he has met all of the safety valve factors. *Cruz*, 106 F.3d at 1557. The last safety-valve factor requires the defendant to show that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

4

18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). It was this factor that the district court concluded Johnson had failed to satisfy.

This final factor is a "tell-*all*" provision: to meet its requirements, the defendant has an affirmative responsibility to "truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." *United States v. Yate*, 176 F.3d 1309, 1310 (11th Cir. 1999). *See also* U.S.S.G. § 5C1.2, comment. (n.3) ("'[O]ffense or offenses that were part of the same course of conduct or of a common scheme or plan,' as used in subsection (a)(5), mean the offense of conviction and all relevant conduct."). Thus, it is the offense for which the defendant is convicted that determines the scope of information which the defendant must disclose. *United States v. Figueroa*, 199 F.3d 1281, 1283 (11th Cir. 2000) ("This plain language requires a defendant to both truthfully and fully disclose information within her knowledge relating to the crime for which she is being sentenced."); *Cruz*, 106 F.3d at 1557 (stating that where the defendant was convicted of conspiring to possess cocaine with intent to distribute, the "burden is on the defendant to come forward and to supply truthfully to the government all the information that he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution").

Here, Johnson was convicted of cultivating marijuana. An undisputed fact presented at sentencing was that he was cultivating 273 marijuana plants. Given the a large number of plants, the district court did not err in reasonably inferring that he was growing the marijuana for distribution. No reasonable law enforcement officer investigating this cultivation offense would fail to ask Johnson about the intended distribution of such a large quantity of marijuana.[1] We hold, therefore, that the court properly determined that information about the intended distribution related to Johnson's offense of conviction. And, it is undisputed that Johnson refused to give law enforcement officers any information about the intended distribution of his marijuana. Thus, the court did not err by finding that Johnson failed to satisfy the full scope of disclosure required by the safety-valve provisions.

## V. CONCLUSION

Because the district court committed no error in denying Johnson safety-valve relief, we affirm Johnson's sentence.

AFFIRMED.

---

[1] *Cf. United States v. O'Dell*, 247 F.3d 655, 675-76 (6th Cir. 2001) (vacating district court's finding that defendant qualified for safety valve, and remanding for resentencing, where defendant, convicted of cultivating marijuana and possessing it with intent to distribute, contended that he merited the safety valve because he answered all the questions the government posed to him, even though he failed to provide information about marijuana cultivation and distribution outside his own barn: court noted that this was insufficient because "[t]he government has no obligation to solicit information that could help a defendant meet the requirements for the safety valve," and "[t]herefore, merely answering all questions posed by the government may not be sufficient to qualify for . . . the safety valve").