[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-16311
Non-Argument Calendar

_____

D. C. Docket No. 04-20513-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS QUINONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 23, 2006)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Luis Quinones appeals his 120-month sentence which was imposed after he pled guilty to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. On appeal, Quinones argues that the district court erred by finding that he did not provide a complete and truthful statement about his involvement in the instant offense and therefore did not qualify for safety-valve relief under U.S.S.G. § 5C1.2(a). After careful review, we affirm.

We review for clear error the district court's factual determinations in its decision to deny safety-valve relief. United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004). We will not find clear error unless we are "left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (quotation omitted). "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2000). Therefore, "a trial judge's choice of whom to believe is conclusive on the appellate court unless the judge credits exceedingly improbable testimony." Id. (quotation and alteration omitted).

Under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a), a sentencing court "shall" impose a sentence "without regard to any statutory minimum sentence, if

the court finds at sentencing," that the defendant has met the following five requirements:

> (1) The defendant does not have more than 1 criminal history point . . .;
>
> (2) The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense;
>
> (3) The offense did not result in death or serious bodily injury to any person;
>
> (4) The defendant was not an organizer, leader, manager, or supervisor of others in the offense . . . ; and
>
> (5) Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). To meet the final factor of §§ 3553(f) and 5C1.2(a) -- the "tell-all provision" -- "the defendant has an affirmative responsibility to truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." Johnson, 375 F.3d at 1302 (quotation omitted). The Sentencing Guidelines provide that if a defendant meets the criteria in U.S.S.G. § 5C1.2(a), he is entitled to a two-level decrease of his base offense level. U.S.S.G. § 2D1.1(b)(6) (2003). The defendant

carries the burden to demonstrate that he has met all of the safety-valve factors. Johnson, 375 F.3d at 1302.

Here, prior to overruling Quinones's objection to the probation officer's failure to recommend a safety-valve reduction, the district court heard the testimony of two government witnesses who described Quinones's activities relating to the charged crime. Notably, this testimony differed from Quinones's own written account of the underlying enterprise and his participation in it.[1] At the sentencing hearing, Quinones filed a "Statement of Criminal Conduct Under Safety Valve Requirement" in support of his objection, but did not testify. After hearing the government's testimony in support of denying safety-valve relief and considering Quinones's written submission, the district court explained that it did not believe Quinones's safety-valve statement because Quinones did not testify.

[1]From our own review of the record, we note the following inconsistencies between Quinones's safety-valve statement, his PSI, and the testimony given at the evidentiary hearing before the district court: (1) in Quinones's written statement, he said he was hired by Palmer for $1,000 and that Palmer told him "what to do, where to go, and who would be involved," but according to Palmer, it was Quinones who did the hiring and who offered Palmer $1,000 for his participation; (2) in Quinones's written statement, he claimed the heroin belonged to Palmer, but Palmer said the heroin belonged to Quinones, and both Palmer and Duarte stated that Quinones entered Palmer's Camry with a box, later revealed to contain heroin; (3) Quinones claimed that he did not speak or handle the heroin during the meeting in the Walgreen's parking lot, but according to the PSI, when the confidential informant asked the occupants of the Camry to see the heroin, it was Quinones who instructed the backseat passenger to hand him a box, and Quinones who opened and showed the contents of the box, which was heroin, to the informant; and (4) Quinones said in his statement that, once the transaction moved from the Walgreen's parking lot, he was not involved in the discussions, but Zapata testified at the sentencing hearing that Quinones remained involved, including asking Zapata "to see the money" and communicating to Zapata that he (Quinones) could be a contact for future narcotics transactions.

The court further found, in light of the evidence before it, that Quinones failed to provide a truthful statement about the entire offense and therefore did not meet his burden under U.S.S.G. § 5C1.2(a)(5).

Because the district court was in the best position to evaluate the credibility of the two witnesses who testified at the sentencing hearing, we will not disturb the district court's decision to believe the witnesses' accounts and reject Quinones's written statement in support of safety-valve relief, or the district court's finding that Quinones's safety-valve statement was incomplete in light of the testimony presented. See Ramirez-Chilel, 289 F.3d at 749. The testimony the district court chose to believe was not exceedingly improbable. Id. On this record, the district court did not clearly err in finding that Quinones failed to disclose truthfully all information and evidence about the attempted heroin sale. Accordingly, the district court did not reversibly err in finding that Quinones did not meet his burden under the "tell-all provision" of U.S.S.G. § 5C1.2(a).

**AFFIRMED.**