[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2006
THOMAS K. KAHN
CLERK

No. 06-11574
Non-Argument Calendar

_____

D. C. Docket No. 05-00214-CR-T-30MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO MARQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 30, 2006)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Francisco Marquez appeals his sentence of 87 months of imprisonment

imposed after Marquez pleaded guilty to conspiracy to possess with intent to distribute methylenedioxymethamphetamine. 21 U.S.C. § 846. Marquez argues that the district court erroneously denied him a safety-valve reduction. U.S.S.G. §§ 5C1.2, 2D1.1(b)(9). We affirm.

"When reviewing the denial of safety-valve relief, we review for clear error a district court's factual determinations. We review de novo the court's legal interpretation of the statutes and sentencing guidelines." United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004) (citations omitted). Section 2D1.1(b)(9) of the Sentencing Guidelines permits a two-level decrease of a defendant's offense level, if the defendant meets the five requirements of the safety-valve provision, 18 U.S.C. § 3553(f)(1)-(5). The burden is on the defendant to establish that he has satisfied all the requirements. Johnson, 375 F.3d at 1302.

The issue presented is whether Marquez satisfied the fifth requirement that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f)(5). Marquez argues that he satisfied this requirement because, before sentencing, he discussed with the government all of the details that he had regarding the offense, except drug

2

quantity. He argues that he disclosed the drug quantity at sentencing when he stipulated that the amount of drugs was 10,000 or more pills.

The district court denied the reduction because it found that Marquez had never disclosed the quantity of pills involved in his offense, and the sentencing transcript confirms this finding. Marquez did not disclose the quantity of pills involved in his offense. When asked by the district court about the quantity, Marquez declined to state the number of pills and chose to rely on his stipulation. The district court did not clearly err when it denied the reduction.

Marquez's sentence is

**AFFIRMED.**