[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15841
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 12, 2007
THOMAS K. KAHN
CLERK

D. C. Docket Nos.
05-08058-CV-UWC-JEO & 00-00423-CR-UWC

NELLIE PATTON,

Petitioner,

versus

UNITED STATES OF AMERICA,

Respondent.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 12, 2007)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Nellie Patton, a federal prisoner, appeals <u>pro se</u> the denial of her 28 U.S.C. §

2255 motion to vacate, set aside, or correct sentence. We granted a certificate of appealability ("COA") as to one issue:

> Whether the district court erred in denying appellant's claim that her trial counsel was ineffective for failing to inform the appellant and the district court that she was eligible for "safety valve" relief, U.S.S.G. § 5C1.2, based on a finding that the appellant could not show prejudice.

After review, we affirm.[1]

## I. BACKGROUND

In December 2001, a jury convicted Patton of one count of conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base, 21 U.S.C. § 846, and three counts of possession with intent to distribute and distribution of cocaine base, 21 U.S.C. § 841(a)(1). Because she had two prior Alabama felony drug convictions, Patton was sentenced to four concurrent life sentences. On appeal, this Court reversed Patton's conviction on one of the possession counts and remanded to the district court for resentencing. United States v. Patton, No. 01-17248 (11th Cir. Jan. 30, 2003). Before the resentencing, the Alabama state court vacated Patton's two prior drug convictions.

At resentencing, Patton's criminal history category was now I and her offense level was 32, resulting in an advisory guidelines range of 121 months to

---

[1]Although Patton argues that the district court erred in failing to hold an evidentiary hearing, that claim lies outside the scope of our COA.

151 months.  The district court sentenced Patton to 121 months' imprisonment.

Patton filed a § 2255 motion, alleging that her counsel was ineffective at resentencing in violation of her Sixth Amendment rights.  Patton claims that because she had only one criminal history point, she would have been eligible for safety-valve relief at the resentencing, but that her attorney never informed her or the district court of the potential for safety-valve relief.  The district court denied Patton's § 2255 motion, concluding that "she cannot show any prejudice to satisfy the second prong of Strickland."[2]  Patton timely appealed.[3]

## II. DISCUSSION

To prevail on an ineffective-assistance-of-counsel claim, a defendant must demonstrate (1) that her counsel's performance was deficient and (2) that she suffered prejudice as a result of that deficient performance.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  Courts need not "address both components of the inquiry if the defendant makes an insufficient showing on one."  Id. at 697, 104 S. Ct. at 2069.  To prove prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id.

---

[2]Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

[3]An ineffective-assistance-of-counsel claim is a mixed question of law and fact that we review de novo.  See Gordon v. United States, 496 F.3d 1270, 1276 (11th Cir. 2007).

3

at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The Sentencing Guidelines provide for a two-level reduction to a defendant's offense level if she meets the criteria for the safety-valve reduction set forth in U.S.S.G. § 5C1.2. See U.S.S.G. § 2D1.1(b)(11). The burden is on the defendant to show that she met all of the safety valve factors. United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004). One of the safety-valve factors requires the defendant to show that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). "This final factor is a 'tell-all' provision: to meet its requirements, the defendant has an affirmative responsibility to 'truthfully disclose to the government all information and evidence that [s]he has about the offense and all relevant conduct.'" Johnson, 375 F.3d at 1302 (second emphasis added) (citation omitted). Thus, to obtain safety-valve relief, Patton would have had to tell the government everything she knew about the drug conspiracy, including about other people involved in the drug conspiracy.

Patton acknowledges that, prior to her trial, she met with the government and had an opportunity to provide truthful information. According to one of

4

Patton's attorneys, during this 2000 meeting, Patton "utterly refused to cooperate and the meeting was aborted after approximately 5 minutes. . . . Patton refused to discuss details of her role in the alleged criminal enterprise, and refused to answer questions about past suppliers and drug activities."[4] Patton does not refute her attorney's statements in his affidavit. Indeed, in her own October 21, 2005 affidavit, Patton acknowledged meeting with the government and that the government agent questioned Patton about another man named Sunny King Ford and how his drugs were coming in. Patton did not provide the requested information but instead asked why the agent was questioning her about a dead man. The government agent then said Patton did not want to say anything, and the meeting ended. When Patton told her attorney what the agent said to her, her attorney stated that "he didn't blame [Patton] for not wanting to say any thing."

Patton does not dispute either the government agent's or her own lawyer's statements that she did not want to "say anything" about Ford. We recognize that in her October 21, 2005 affidavit, Patton also stated that if she had "understood the law back in 2000 when [she] was arrested, [she] would have taken responsibility

---

[4]Patton's attorney also stated that he "distinctly remember[ed] discussing the 'safety valve' a number of times and [Patton] was certainly well aware of its provisions prior to her resentencing. When we would discuss the requirement that she meet with the authorities to discuss her activities and involvement in the case, she consistently and vigorously repeated her refusal to 'talk to those people.'" There is a question whether Patton's statements are sufficient to refute her attorney's testimony. We need not resolve that question because Patton has not shown, in any event, that she would have provided all the required truthful information.

for [her] own actions."[5]  However, while she may have been willing to take responsibility for her own actions, Patton nowhere in her affidavit stated that she was willing to provide information about Ford or, for that matter, any other people. In fact, she suggested that she was unwilling to do so when she stated that her lawyer "talked to [her] concerning a Rule 35 or § 5K1 but [her] understanding of that is that you are telling on someone else."  Because Patton was not willing to disclose all information and evidence, she can not show that she was prejudiced by her trial counsel's alleged failure to inform her and the district court of her potential eligibility for safety-valve relief.[6]

**AFFIRMED.**

---

[5]To the extent that Patton stated in a different affidavit, dated June 21, 2005, that she "was willing to re-meet with the authorities and provide them all the required information that they may need in order to secure a safety valve sentence reduction," this is a conclusory statement that is belied by the other specifics of her affidavits.

[6]See Collado v. United Parcel Serv., Co., 419 F.3d 1143, 1151-52 (11th Cir. 2005) (stating we can affirm the district court for any reason supported by the record).