[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2009
THOMAS K. KAHN
CLERK

No. 08-11401
Non-Argument Calendar

_____

D. C. Docket No. 02-00029-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHEILA GILLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 6, 2009)

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Sheila Gillins appeals her 60-month mandatory minimum sentence for

conspiracy to distribute and possess with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846. After pleading guilty, Gillins absconded for nearly four years before being apprehended for sentencing. On appeal, Gillins argues that the district court erred in denying her safety-valve relief pursuant to § 5C1.2 of the U.S. Sentencing Guidelines ("U.S.S.G.").[1] We find no error and AFFIRM.

## I. BACKGROUND

On 23 July 2002, law enforcement officers spotted marijuana growing in a wooded area next to a mobile home in Levy County, Florida.[2] A search of the mobile home resulted in the seizure of numerous marijuana plants, lights, pots, timers, bagged marijuana, and other items related to a marijuana growing operation. In all, authorities seized 320 marijuana plants from inside and outside the residence as well as 121 harvested root bases. At the time of her arrest, Gillins acknowledged that she and her boyfriend, Raymond Reed, owned the mobile home and that they had been growing marijuana for the past eight months. Gillins

---

[1]Gillins also attempts to adopt the brief of her co-defendant, Raymond Reed, that was filed in a separate appellate case. This adoption fails, however, because "Federal Rule of Appellate Procedure 28(i) does not permit such adoption by reference between (non-consolidated) cases, and the defendants have not separately moved to adopt the briefs." United States v. Bichsel, 156 F.3d 1148, 1150 n.1 (11th Cir. 1998) (per curiam).

[2]Unless otherwise noted, the facts are taken from the factual basis attached to Gillins' plea agreement entered on 26 November 2002. See R1-41 at Factual Basis for Plea.

claimed that Reed primarily took care of the plants and that she occasionally watered them. Additionally, Gillins informed authorities that a man named Earl Gray assisted them in cultivating the plants and had provided written instructions for their maintenance. At the agents' request, Gillins called Reed and told him to return because the marijuana had been discovered.

On 26 November 2002, Gillins pled guilty to count one of the indictment – conspiracy to distribute and possess with intent to distribute more than 100 marijuana plants. R1-41 at 1; R1-13; R3 at 19, 27. She agreed "to cooperate fully and truthfully" with investigating authorities concerning the marijuana operation. R1-41 at 3. Prior to sentencing, Gillins absconded in December 2002 and a warrant was issued for her arrest. R1-46. Authorities captured her in October 2006 and returned her for sentencing. R1-55.

At a sentencing hearing on 20 February 2008, Special Agent Wayne Andrews from the Drug Enforcement Administration testified about Gillins' cooperation. Asides from her statements on the day she was arrested, Agent Andrews knew of no other disclosures or debriefing of Gillins. R6 at 20-22, 28. A debriefing would have focused on identifying other individuals involved in growing and distributing the marijuana. Id. at 28. Agent Andrews explained that Gillins could no longer be of assistance, however, because the statute had run and

3

the investigation had terminated when Gillins and Reed absconded.  Id. at 26.

Gillins did not testify at the sentencing proceeding or call any witnesses to support

the application of safety-valve relief.  The district court ruled that a safety-valve

reduction was not warranted because Gillins had not fully and completely

disclosed all the information she knew.  Id. at 36.  The court subsequently

sentenced Gillins on 18 March 2008 to the mandatory minimum of 60 months of

imprisonment.  R5 at 15; R1-165.

On appeal, Gillins contends that she was entitled to safety-valve relief

because she provided a full and truthful statement of the facts relating to her

offense conduct, she accepted responsibility for her role, and she identified Reed

and Gray as her accomplices.  Alternatively, Gillins submits that the district court

should have continued her sentencing hearing for further debriefing before ruling

on the safety-valve issue.

## II.  DISCUSSION

The safety-valve provision of U.S.S.G. § 5C1.2(a) enables sentencing

without regard to the statutory minimum for certain offenses if five requirements

are met.  See United States v. Milkintas, 470 F.3d 1339, 1344 (11th Cir. 2006) (per

curiam).  A defendant who satisfies these criteria is eligible for a two-level

reduction in offense level.  See id.; see also U.S.S.G. § 2D1.1(b)(11).  Only the

4

fifth requirement is at issue here, the "tell-*all* provision". United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004) (per curiam) (quotation marks and citation omitted). Under U.S.S.G. § 5C1.2(a)(5), "[t]he burden is on the defendant to come forward and to supply truthfully to the government all the information that [s]he possesses about [her] involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." Milkintas, 470 F.3d at 1345 (quotation marks and citation omitted). The government has no duty to solicit information from the defendant. See id. at 1345-46. Consequently, defendants are not entitled to safety-valve relief merely because the government never debriefed them. See id. at 1346.

A defendant should ordinarily disclose all the information she knows prior to the sentencing hearing. See United States v. Garcia, 405 F.3d 1260, 1275 (11th Cir. 2005) (per curiam). If the factual circumstances warrant a continuance, however, a district court may continue a sentencing hearing for further debriefing. See id. (concluding that a continuance was warranted because the defendant did not speak English, his attorney mistakenly thought a sufficient disclosure had already been made, and there was no evidence that the defendant's failure to debrief fully was "an attempt to mislead, manipulate, stall or delay"). We review a district court's factual determinations for clear error and its legal interpretations of

5

the safety-valve provision de novo.  See Milkintas, 470 F.3d at 1343.

Here, the district court did not clearly err in finding that Gillins failed to provide complete disclosure.  Since Gillins was charged with conspiring to distribute marijuana and to possess with intent to distribute, she was required to disclose all information she had related to the distribution chain.  See id. at 1345.  It is undisputed that Gillins made no proffer after her arrest in July 2002.  Her statements on that day only identified her two accomplices who cultivated the marijuana.  Gillins never provided the government with any information about the buyers and sellers of the vast quantities of marijuana grown at her home.  Furthermore, Gillins never testified that she had fully disclosed all the information she possessed concerning the marijuana operation.  Nor did any other witnesses testify on her behalf.  Instead of meeting her burden of providing complete information, Gillins absconded and hid from authorities for almost four years.  Accordingly, the district court correctly concluded that Gillins did not qualify for safety-valve relief because she failed to meet her affirmative responsibility to disclose truthfully all the information and evidence she had about her offense conduct.  See Johnson, 375 F.3d at 1302-03 (affirming denial of safety-valve relief where defendant refused to provide any information about the intended distribution of 273 marijuana plants grown at his residence).

Moreover, we conclude that there was no good cause to continue Gillins' sentencing for further debriefing. In Garcia, we noted that the most important factor warranting a continuance was that the defendant was not trying to stall or delay his sentencing. See Garcia, 405 F.3d at 1275. In contrast, Gillins effectively delayed her sentencing more than five years by fleeing from authorities. Even after she was recaptured in late 2006, her sentencing hearing was continued numerous times before she was finally sentenced in March 2008. R1-86 at 2, 118 at 2, 134, 165. Despite this lengthy delay, Gillins never proffered additional information nor testified that she had made a full disclosure. In any event, the investigation had been terminated upon her flight. Under these factual circumstances, the district court correctly declined to continue the hearing for the purpose of further debriefing.

## III. CONCLUSION

We conclude that the district court did not err in determining that Gillins was ineligible for safety-valve relief based on her failure to provide a complete and truthful proffer pursuant to U.S.S.G. § 5C1.2(a)(5). Accordingly, we AFFIRM Gillins' mandatory minimum sentence of 60 months of imprisonment.

**AFFIRMED.**