[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10259
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00279-SCJ-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RASONDO NORRIS,
a.k.a. Rasondo Maurice Norris,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 29, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Rasondo Norris appeals his 120-month imprisonment sentence imposed after pleading guilty to one count of possession with the intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and one count of entering an airport area in violation of security requirements, in violation of 49 U.S.C. § 46314(a), (b)(2).  At sentencing, the district court determined that Norris had possessed a firearm in connection with the cocaine offense and was therefore not eligible for safety-valve relief under U.S.S.G. §5C1.2.  We agree and affirm.

On appeal, Norris argues that the district court erred by considering whether it was "clearly improbable" that a machine gun was connected with Norris's offense, because the clearly improbable standard only applies to the two-level U.S.S.G. § 2D1.1(b)(1) enhancement for possessing a firearm, rather than the safety-valve provision under U.S.S.G. § 5C1.2.  In making this determination, the district court stated that it could not "find that it's clearly improbable that the firearm was not connected to the offense."  The district court also stated several times that it could not determine that "there was no potential for that firearm to facilitate . . . the offense," because, even though the firearm had been locked in a box, the court could not "say [that Norris] could not open that [lock box] if he had to."  Norris also argues that, in determining his eligibility for safety-valve relief, the district court clearly erred by considering the conduct of an undercover agent,

2

which was outside the scope of Norris's accountability.

We generally review a district court's factual determinations and subsequent denial of safety-valve relief for clear error. *United States v. Camacho*, 261 F.3d 1071, 1073 (11th Cir. 2001). Where a defendant fails to object on the basis that a district court applied the wrong legal standard, we review for plain error.[1] *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Legal interpretations of the Sentencing Guidelines are reviewed *de novo*. *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004).

Certain drug offenses and quantities can trigger statutorily-mandated minimum prison terms, trumping the recommended guideline sentencing range. *United States v. Carillo-Ayala*, 713 F.3d 82, 88 (11th Cir. 2013); U.S.S.G. § 5G1.1(b). But Congress created a five-criteria "safety valve" that, if fulfilled, permits a district court to sentence without regard for the statutorily-mandated minimums. *Carillo-Ayala*, 713 F.3d at 88. The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to safety-valve

---

[1] The Supreme Court has explained that plain-error review involves four prongs. *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009). "First, there must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned . . . by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotations and citations omitted) (alterations adopted).

3

relief.  *Id.* at 96.  At issue here is the criterion that the defendant not have

"possess[ed] a firearm or other dangerous weapon . . . *in connection with the*

*offense*."  U.S.S.G. § 5C1.2(a)(2) (emphasis added).

The Guidelines do not define the phrase "in connection with" for purposes

of § 5C1.2.  *Carillo-Ayala*, 713 F.3d at 89.  However, in *Carillo-Ayala*, we held

that the requirement could be satisfied by a showing that the firearm (1) was in

close proximity to drugs, or (2) facilitated, or had the potential to facilitate, the

offense, whether by emboldening an actor who had the ability to display or

discharge the weapon, by serving as an integral part of a drug transaction as in a

barter situation, by instilling confidence in others who relied on the defendant, or

by serving as a badge of office to help the defendant avoid detection.  *Id.* at 91-96.

"Where any of these possibilities are shown by the evidence, the safety valve is

unavailable unless the defendant negates the proof by a preponderance of the

evidence . . . ."[2]  *Id.* at 96.  The defendant must prove that "a connection between

the firearm and the offense, though possible, is not probable."  *Id.* at 91 (internal

quotation omitted).

As a threshold matter, Norris failed to fairly object to the district court that

its comment, "clearly improbable," might be an erroneous legal standard.  This

---

[2]      A defendant is not precluded from arguing that he did not possess a firearm "in connection with" his offense under § 5C1.2, even if he conceded an enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm.  *Carillo-Ayala,* 713 F.3d at 91.

Court, therefore, reviews for plain error.  The district court did not commit plain error in determining that Norris failed to carry his burden of proving that the gun was not possessed in connection with the drug offense.  It is not at all clear from the transcript that the district court did in fact apply the legal standard of "clearly improbable" as opposed to merely "not probable."  Moreover, even assuming *arguendo* error, Norris has failed to persuade us that the error affected his substantial rights.  There is not a reasonable probability of a different result in light of the district court's findings noted below that Norris had access to the firearm.

The district court did not clearly err by improperly considering the conduct of an undercover agent in determining that Norris was ineligible for safety-valve relief.  The sentencing transcript reveals that the district court considered the manner in which Norris carried the gun.  There was evidence indicating that the case housing the firearm was "flimsily locked."  The district court stated that it could not determine that "there was no potential for that firearm to facilitate . . . the offense" because it could not "say [that Norris] could not open that [lock box] if he had to."[3]

AFFIRMED.

---

[3]    Because we cannot conclude that the district court was clearly erroneous in finding that Norris himself could have accessed the firearm if he had to, we need not address the alternative holding of the district court that the safety-valve relief was not reasonable because Norris knew that the undercover agent would possess the firearm in connection with the offense.