[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13742
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60043-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SEBASTIAN GIL-RAMIREZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 20, 2017)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Sebastian Gil-Ramirez appeals his 48-month sentence after pleading guilty to one count of possessing cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1). He argues that he was improperly denied safety-valve relief and a minor role reduction, and that his sentence is substantively unreasonable. Upon review of the record and consideration of the parties' briefs, we affirm.

## I

Mr. Gil-Ramirez was arrested in February of 2016 at Fort Lauderdale-Hollywood International Airport when Customs and Border Patrol officers discovered 2,414 grams of cocaine in the false bottom of his suitcase. Mr. Gil-Ramirez, who is a Colombian citizen and permanent legal resident of the United States, claimed that he received a call from someone named "Andres" in Colombia who asked him if he was interested in traveling to that country to make some money. Mr. Gil-Ramirez knew he was likely to be involved in illegal activity, and brought along his girlfriend to minimize suspicion. "Andres" paid for all of Mr. Gil-Ramirez's transportation and hotel costs, and told him that he would be carrying a suitcase containing cocaine back to the United States. After examining the suitcase, Mr. Gil-Ramirez agreed to transport the drugs in exchange for $5,000. He was arrested when the drugs were discovered upon his arrival at the airport.

2

A grand jury indicted Mr. Gil-Ramirez on charges of importing cocaine into the United States in violation of 21 U.S.C.§§ 952(a) and 960(b)(3) (Count One), and possessing cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two). Pursuant to a plea agreement, he pled guilty to Count Two, and Count One was dismissed. Mr. Gil-Ramirez agreed to provide the government with a written statement truthfully setting forth all information and evidence he had concerning the offense.

The PSI recommended a base-offense level of 26 under U.S.S.G. § 2D1.1, as well as a three-level decrease under § 3E1.1(a) and (b) for acceptance of responsibility. The PSI recommended a total offense level of 23 and a criminal history category of I, resulting in an advisory guideline range of 46 to 57 months' imprisonment.

In his objections to the PSI, Mr. Gil-Ramirez requested a two-level reduction under the "safety-valve" provision of U.S.S.G. § 5C1.2, and a minor-role reduction. At the sentencing hearing, Mr. Gil-Ramirez also requested that the district court grant a downward variance from the advisory guideline range. The district court ultimately denied his request for the reductions and sentenced him to 48 months of imprisonment, to be followed by three years of supervised release.

## II

"When reviewing the denial of safety-valve relief, we review for clear error a district court's factual determinations." *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004). The safety-valve provision implements 18 U.S.C. § 3553(f) and requires a district court to sentence a defendant "without regard to any statutory minimum sentence" if the defendant meets five criteria. *See* U.S.S.G. § 5C1.2. A defendant's base offense level may also be reduced by two levels if all five of the criteria are met. *See* U.S.S.G. § 2D1.1(b)(17). The burden is on the defendant to show that he has met each of the safety-valve factors. *See* *Johnson*, 375 F.3d at 1302. The fifth factor—the only one at issue here—requires that:

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5).

"This final factor is a 'tell-*all*' provision: to meet its requirements, the defendant has an affirmative responsibility to truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." *Johnson*, 375 F.3d at 1302 (internal quotation marks and citation

4

omitted) (emphasis in original). The defendant has a burden to come forward and supply the government with all the information that he possesses about his involvement in the crime, including information relating to the involvement of others and the chain of the narcotics distribution. *See id.*

Mr. Gil-Ramirez argues that the district court did not fulfill its duty as factfinder and instead merely relied on the government's assessment of his factual proffer. The record shows, however, that the district court considered at length both the government's and Mr. Gil-Ramirez's arguments at the sentencing hearing. *See* D.E. 33 at 5–12. After independent review of Mr. Gil-Ramirez's written statement and the record, the court found—by a preponderance of the evidence— that Mr. Gil-Ramirez had not truthfully provided to the government all the information that he possessed concerning the offense. *See id.* at 12. Nothing in the record suggests that the district court clearly erred in making this determination and, as a result, we affirm its denial of safety-valve relief.

### III

We review for clear error the district court's denial of a minor role reduction. *See United States v. Moran*, 778 F.3d 942, 980 (11th Cir. 2015). A defendant may receive a two-level decrease under the Sentencing Guidelines if he was "a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). A minor participant "is less culpable than most other participants, but [his] role could not be

described as minimal." U.S.S.G .§ 3B1.2, comment. (n.5). A defendant bears the burden of proving his minor role by a preponderance of the evidence. *See Moran*, 778 F.3d at 980.

To determine whether a minor role adjustment applies, the court should consider (1) "the defendant's role in the relevant conduct for which he has been held accountable at sentencing," and (2) "his role as compared to that of other participants in his relevant conduct." *Id.* "[A] defendant's status as a drug courier does not alter the principle that the district court must assess the defendant's role in light of the relevant conduct attributed to [him]" and is not itself dispositive of whether a defendant is entitled to receive a minor role adjustment. *United States v. Rodriguez De Varon*, 175 F.3d 930, 942 (11th Cir. 1999) (en banc). "[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id.* at 942–43. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944.

Mr. Gil-Ramirez argues that he was merely a courier in a broader importation scheme of which he had little knowledge, and is therefore entitled to a

downward sentencing adjustment. The relevant criminal conduct here, however, is possession with intent to distribute cocaine. Mr. Gil-Ramirez admitted that he knew he would be involved in illegal activity from the start, that he brought his girlfriend along on the trip as a cover-up, and that he inspected the suitcase and agreed to carry it into the United States. The district court did not clearly err in finding that Mr. Gil-Ramirez played a significant role in the commission of the crime for which he is held accountable, and we therefore affirm its denial of his request for a two-level minor role reduction.

## IV

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007). Mr. Gil-Ramirez, as the party challenging the sentence, has the burden of demonstrating that it is unreasonable in light of the record and the facts enumerated in 18 U.S.C. § 355(a). *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Under our deferential standard of review, "we are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court

7

committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* (internal quotation marks and citation omitted).

We examine whether a sentence is substantively reasonable in light of the totality of the circumstances. *See Gall*, 552 U.S. at 51. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and deter criminal conduct. *See* 18 U.S.C. § 3553(a). The fact that a sentence is within the advisory guideline range and well below the statutory maximum are both factors indicative of reasonableness. *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014).

Mr. Gil-Ramirez argues that his 48-month sentence is substantively unreasonable and that the court did not properly consider his family circumstances, gambling addiction, and impending deportation when deciding the duration of his term of imprisonment. He argues that, had the district court adequately considered these factors, it would have granted his request for a 24-month sentence.

The record shows that the district court did in fact consider these particular aspects of Mr. Gil-Ramirez's life at sentencing. *See* D.E. 33 at 19–26. After a review of the record, the PSI, and the § 3553(a) factors, the district court

determined that a 48-month sentence was appropriate. The district court did not abuse its discretion because there is no indication that it failed to consider the relevant factors, gave weight to an improper or irrelevant factor, or committed a clear error of judgment. Moreover, the sentence falls at the low end of the advisory guideline range, which indicates reasonableness. *See Cubero*, 754 F.3d at 898. Accordingly, Mr. Gil-Ramirez has not demonstrated that his 48-month sentence was unreasonable in light of the record and the § 3553(a) factors.

## V

The district court did not err in denying the request for safety valve relief because Mr. Gil-Ramirez failed to prove that he truthfully provided the government all the information he had concerning the offense. The district court also did not err when it denied Mr. Gil-Ramirez's request for a minor role reduction. Finally, the district court's imposition of a 48-month sentence was not substantively unreasonable and did not constitute an abuse of discretion. Mr. Gil-Ramirez's sentence is therefore affirmed.

**AFFIRMED.**