[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11246
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00032-GAP-TBS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERARDO ANTONIO SANCHEZ-LEYVA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 14, 2017)

Before WILLIAM PRYOR, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Gerardo Sanchez-Leyva appeals his 120-month statutory minimum sentence, based on the district court's denial of safety-valve relief under U.S.S.G. § 5C1.2. The district court found that Mr. Sanchez-Leyva did not provide the government with complete and truthful information regarding his offenses and relevant conduct.

## I

Mr. Sanchez-Leyva pled guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine and one count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(viii), and 21 U.S.C. § 846. Mr. Sanchez-Leyva lodged four objections to the PSI, including the lack of application of a two-level reduction based on the safety-valve provision in U.S.S.G. § 5C1.2.

At the sentencing hearing, neither party objected to the factual content of the PSI. Mr. Sanchez-Leyva argued, however, that his statements at the safety-valve interview regarding the methamphetamine conspiracy were true, and that he therefore warranted safety-valve relief. The government countered that Mr. Sanchez-Leyva did not qualify for the safety-valve reduction because he had not been truthful in his proffer. After hearing testimony from FBI and DEA agents involved with the investigation, the district court sided with the government:

> I think the Government has met its burden of showing that the Defendant was not entirely truthful with it in several respects

2

concerning the incident in Georgia in 2013, which appears to be part of the same course of conduct or scheme or plan to traffic in illegal substances, as well as the delivery of the marijuana, which is unexplained and appears to be fabricated, his explanation for that. So it's my determination the Defendant is not entitled to safety valve.

D.E. 122 at 42.

## II

In assessing a district court's denial of safety-valve relief, we review findings of fact for clear error and the application of sentencing guidelines to those facts *de novo.  See United States v. Milkintas*, 470 F.3d 1339, 1343 (11th Cir. 2006).

## III

For certain offenses, including 21 U.S.C. §§ 841 and 846, a district court imposes a sentence without regard to the applicable statutory minimum if five requirements are met. *See id.* at 1344-45; 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a).   The defendant bears the burden of showing that he meets all five criteria. *See United States v. Johnson*, 375 F.3d 1300, 1302 (11th Cir. 2004).  The fifth and last criterion requires the defendant to show that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." U.S.S.G. § 5C1.2(a)(5).    According to the application notes accompanying §

3

5C1.2, "'offense or offenses that were part of the same course of conduct or of a common scheme or plan,' as used in subsection (a)(5), mean the offense of conviction and all relevant conduct." § 5C1.2 cmt. n.3. Thus, the offense of conviction and associated relevant conduct determine the scope of information which the defendant must disclose. *See Johnson*, 375 F.3d at 1302. A defendant must "come forward and to supply truthfully to the government all the information that he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).

Because Mr. Sanchez-Leyva was convicted of offenses related to the distribution of methamphetamine, he was required to disclose all information and conduct relevant to those offenses. *See Johnson, 375* F.3d at 1302. Mr. Sanchez-Leyva did provide the government some information relevant to his offenses of conviction, but the information he provided was incomplete and, in some ways, inconsistent.

For example, Mr. Sanchez-Leyva helped provide information about his methamphetamine source by setting up a controlled buy at the government's direction. But when questioned about his drug source related to an Atlanta cocaine charge from 2013, later dropped arguably due to jurisdictional issues, Mr. Sanchez-Leyva claimed he had nothing to do with the drugs, despite DEA agents

4

having observed Mr. Sanchez-Leyva personally handle backpacks containing fifteen kilograms of cocaine.  The district court also took issue with Mr. Sanchez-Leyva's conflicting explanations for the arrival of a package containing six cans of marijuana at his house one day after he was arrested.  The package had been sent before the arrest, yet Mr. Sanchez-Leyva first claimed the marijuana arrived as a result of his government-induced controlled buy of methamphetamine.  When confronted with the fact that the package was sent before he began "helping" the government identify his source in California, Mr. Sanchez-Leyva then claimed he had no idea why he received such a package from that distributor.

## IV

Because the record shows numerous ways in which Mr. Sanchez-Leyva failed to provide complete truthful information, the district court did not clearly err in concluding that he was untruthful regarding aspects surrounding the charged methamphetamine offenses, and that he did not warrant safety valve relief.

**AFFIRMED.**