[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12178
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00287-LMM-JFK-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY ANTWAIN SALTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 13, 2018)

Before MARCUS, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Rodney Salter, a former letter carrier for the United States Postal Service,

appeals his 60-month sentence for conspiracy to distribute at least 500 grams of

cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and accepting bribes as a public official, in violation of 18 U.S.C. § 201(b)(2).  He argues that the district court clearly erred when it found him ineligible for "safety-valve" relief under U.S.S.G. § 5C1.2.

We review the district court's factual determinations under the U.S.S.G. § 5C1.2 safety-valve provision for clear error.  *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997) (citation omitted).  A district court's choice between "two permissible views" of the same evidence "is the very essence of the clear error standard of review."  *United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (citation omitted).  We rarely find clear error "[s]o long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law."  *Id.*

The safety-valve provision—§ 5C1.2(a) of the Sentencing Guidelines—provides that a district court "shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence," if it finds that the defendant satisfies the following relevant provision:

> (5)    not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a

2

> determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5). A qualifying defendant's offense level is also decreased by two levels, pursuant to U.S.S.G. § 2D1.1(b)(17).

The defendant has the burden of proving his eligibility for relief under § 5C1.2. *Cruz*, 106 F.3d at 1557. To satisfy § 5C1.2(a)(5), the defendant "must demonstrate to the court that he has made a good faith attempt to cooperate with the authorities." *Id.* (quotation omitted). Section 5C1.2(a)(5) is a "tell-*all* provision: to meet its requirements, the defendant has an affirmative responsibility to truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." *United States v. Johnson*, 375 F.3d 1300, 1302 (11th Cir. 2004) (quotation and citation omitted).

While engaged in the conspiracy to distribute cocaine, Salter corresponded with the confidential source (CS) and discussed using P.O. Boxes, how to address the packages, and what sizes and quantity of drugs would be suitable. Salter also sent the CS an address and information about when to send packages that were later picked up by his co-conspirator and given to the CS in exchange for money. Later, before his sentencing hearing, Salter requested a safety-valve interview at which time he denied any knowledge about his co-conspirator delivering or intercepting any packages.

3

Based on the record before us, we conclude that the district court did not clearly err when it found Salter ineligible for safety-valve relief.  Salter did not truthfully provide all information and evidence regarding his co-conspirator's involvement in the post-office drug-mailing scheme.  He maintained—through two debriefings—that he had no knowledge of his co-conspirator's involvement in the scheme beyond her initially introducing him to the CS.  Salter's statements, however, were inconsistent with documented communications between Salter and the CS, which, when viewed in combination with the co-conspirator's activities, clearly implied an ongoing pattern of communication between Salter and his co-conspirator.  Salter provided no additional evidence to resolve these inconsistencies, and therefore did not meet his burden of proving his eligibility for safety-valve relief.  Particularly where the district court considered at length "the details of the calls and the text messages and the evidence" and admitted that "this is a very close call," we find no clear error.  We therefore **AFFIRM** Salter's sentence.

4