[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-11603

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

YVES DANIEL BESSON,
a.k.a. Steve,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20633-CMA-3

—————————

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Yves Daniel Besson appeals his sentence of 120 months of imprisonment following his plea of guilty to conspiring to import five kilograms or more of cocaine into the United States. 21 U.S.C. §§ 952(a), 963. Besson challenges the denial of safety-valve relief. United States Sentencing Guidelines Manual § 5C1.2(a) (Nov. 2018). We affirm.

Besson admitted in his factual proffer that he conspired with codefendants Joel Exume and Ricardo Fergile to import cocaine using paid couriers who carried multi-kilogram quantities of cocaine on commercial flights to the United States. He admitted that, in March 2018, he provided 2.6 kilograms of cocaine to a confidential informant to import from Haiti to Ft. Lauderdale, where law enforcement seized the drugs. And he admitted that the drug-trafficking organization was responsible for transporting between 5 and 15 kilograms of cocaine during the charged conspiracy.

Besson's presentence investigation report provided a base offense level of 30. *Id.* § 2D1.1(a)(5), (c)(5). The report recommended granting a three-level reduction for acceptance of responsibility, *id.* § 3E1.1, but denying safety-valve relief, *id.* § 5C1.2(a), because Besson had not provided the government with a complete and truthful statement about what he knew. The report provided

extensive details of Besson's offense conduct, including information provided by the government that he had worked as a courier and recruiter for the drug-trafficking organization. Based on Besson's total offense level of 27 and a criminal history category of I, the report provided an advisory guideline range of 70 to 87 months of imprisonment, which was increased to 120 months of imprisonment because of the mandatory minimum, 21 U.S.C. § 960(b)(1)(B)(ii). Besson objected to the recommended denial of safety-valve relief and the factual accuracy of the report.

At sentencing, the government argued that Besson was ineligible for the safety valve. It explained that prosecutors met with him for over an hour before sentencing to give him a final opportunity to provide a full account of what happened during the course of the conspiracy, but he "flatly lied" about his role in the conspiracy and contradicted his factual proffer by maintaining that he was not involved in trafficking drugs. Based on this meeting, the government also objected that Besson should not receive a reduction for acceptance of responsibility, U.S.S.G. § 3E1.1.

Besson's counsel responded that he was disappointed that he had not "been able to convince [Besson] to take advantage of the safety valve" and that he believed Besson "fully understands the ramifications of that." In his allocution, Besson insisted that he told the government everything he knew and that it "would have been [his] pleasure to tell the truth in front of the [district court] if [he] knew what [the government was] talking about." He stated that he was only a driver who transported people to the airport. He denied

supplying a suitcase containing cocaine and explained that if "that person that [he] took to the airport knew of what was going on, then that's that person." He stated that he pleaded guilty only because there was video evidence of him in the car with the other conspirators, but he did not know what they were doing and had never "been involved in any organization."

The district court sustained the government's objection to the acceptance-of-responsibility reduction, *id.* § 3E1.1, and ruled that Besson was ineligible for safety-valve relief, *id.* § 5C1.2(a), because "as [his] attorney indicated in his earlier remarks, and as the [g]overnment expressed," he had not provided a truthful account of everything that occurred. The district court explained that much of what it had heard from Besson consisted of "denials and minimization of [his] conduct." It sentenced Besson to the mandatory minimum sentence of 120 months of imprisonment.

The district court did not clearly err by denying Besson safety-valve relief. *See United States v. Tigua*, 963 F.3d 1138, 1141 (11th Cir. 2020). To qualify for the safety valve, a defendant must "truthfully provide[] to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." U.S.S.G. § 5C1.2(a)(5). The record supports the findings of the district court that Besson had not provided the government with a truthful account of everything that occurred. At sentencing, Besson denied knowing anything about the drug-trafficking conspiracy or its members, which contradicted his admissions in his factual

22-11603               Opinion of the Court                    5

proffer that he was a member of the same conspiracy and had provided several kilograms of cocaine to a paid courier to import to the United States. And even though the government provided additional reasons to discredit Besson's story—including testimony from Antoine Lubin who identified and implicated Besson in the conspiracy while testifying at codefendant Fergile's trial—Besson's "denials and minimization" of his previously-admitted conduct was sufficient to establish that he had not satisfied the "tell-all" requirement to obtain safety-valve relief. *See United States v. Johnson*, 375 F.3d 1300, 1302 (11th Cir. 2004).

We **AFFIRM** Besson's sentence.