[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 23-13722

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MANUEL ESPINOSA-MORALES,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20061-CMA-2

————————————

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Manuel Espinosa-Morales sold drugs to a government source three times. He told the government that those were the only times he sold drugs. But an unobjected-to presentence investigation report suggested he sold more drugs later. The district court concluded that he had not been wholly truthful with the government and denied him safety-valve relief. Did the district court clearly err? No.

**I.**

The government, through a confidential source, purchased heroin from Espinosa-Morales three times—a process known as a controlled purchase. He pleaded guilty to those crimes. He sought relief under the safety valve, which could allow him to be sentenced below a statutory minimum. But neither the probation office nor the government recommended such relief because they believed he was not fully cooperative with the government's investigation. When debriefing the government, he said that the three controlled purchases were the only times he sold drugs. But the presentence reports and their addenda, to which he failed to object, explained that, when he was arrested for the controlled purchases a year later, he had volunteered that he was in possession of a large amount of drugs. And he did not explain who gave him the drugs or with whom he was conspiring. After hearing from the parties, but without hearing testimony, the district court concluded that

Espinosa-Morales was not wholly truthful with the government and denied him safety-valve relief.

## II.

When faced with a district court's denial of relief under the safety valve, we review its factual determinations for clear error. *United States v. Tigua*, 963 F.3d 1138, 1141 (11th Cir. 2020). No such error exists "[i]f the district court's view of the evidence is plausible in light of the entire record." *Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647, 687 (2021).

## III.

The safety-valve provision, 18 U.S.C. § 3553(f), permits a district court to sentence a defendant below a statutory minimum if the defendant meets five criteria. The fifth one, which is disputed here, requires the defendant to have truthfully provided the government with all relevant information concerning his offense or related conduct. 18 U.S.C. § 3553(f)(5). That criterion's burden of proof, like those of its siblings, lies with the defendant. *United States v. Johnson*, 375 F.3d 1300, 1302 (11th Cir. 2004). In short, to secure the benefits of the safety valve, the defendant must prove, among other things, that he truthfully offered all information relevant to his crime that he possessed.

Determining whether the defendant did so is, in part, a factfinding exercise. When factfinding for sentencing purposes, the district court can rely on undisputed facts, like those in an unobjected-to presentence investigation report. *United States v. Davis*, 587 F.3d

1300, 1303 (11th Cir. 2009). And undisputed facts can support reasonable factual inferences. *See Johnson*, 375 F.3d at 1302.

Here, Espinosa-Morales told the government, when debriefing it, that he sold drugs only during three controlled purchases. That was undisputed. But he failed to object to the presentence reports and their addenda. And they tell, or at least reasonably support, a different story. Upon being arrested a year after the controlled buys, Espinosa-Morales pointed the government's attention to an additional large quantity of drugs he possessed. He did not provide information about his supplier or any coconspirators. These facts at least plausibly support an inference that, contrary to his debriefing to the government, Espinosa-Morales was continuing to sell drugs after the controlled purchases. *See United States v. Madera-Madera*, 333 F.3d 1228, 1233 (11th Cir. 2003) (explaining that "federal law . . . permits an inference of intent to distribute from a defendant's possession of a significantly large quantity of drugs"). And these facts certainly imply that he was less than forthcoming about that activity, when all he said was that he only sold drugs three times. Against that factual backdrop, we cannot say that the district court clearly erred in concluding that Espinosa-Morales withheld relevant information from the government.

Finally, we note that Espinosa-Morales does not contend that any later drug sales were unrelated to the controlled purchases for which he sought safety-valve relief. That is, he does not argue that facts implying later sales are irrelevant to the fifth safety-valve

criterion. Because he does not raise the issue, we do not address it. *See United States v. Campbell*, 26 F.4th 860, 875 (11th Cir. 2022).

**IV.**

Because the district court did not clearly err in concluding that Espinosa-Morales was not wholly truthful with the government, it did not err in denying him safety-valve relief. Thus, the district court is **AFFIRMED**.