[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-13294

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUSTIN JOSEPH GARZA,
a.k.a. Poncho,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00082-KKM-TGW-1

————————————

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Justin Joseph Garza appeals the district court's finding that he was ineligible for safety valve relief. We affirm.

## I.

Garza pleaded guilty to: (1) conspiring to distribute and possess with the intent to distribute fifty grams or more of methamphetamine; (2) distributing and possessing with the intent to distribute fifty grams or more of methamphetamine; and (3) possessing with the intent to distribute fifty grams or more of methamphetamine.

Garza's base offense level was thirty-two, but his offense level was reduced by three levels for acceptance of responsibility, making his final offense level twenty-nine. Based on his offense level and lack of criminal history, Garza's advisory guideline range was eighty-seven months to one hundred eight months' imprisonment. The offenses of conviction each carried a ten-year mandatory minimum, however, so his guideline range became one hundred twenty months' imprisonment.

Before sentencing, Garza sought safety valve relief to reduce his sentence under guideline section 5C1.2 and 18 U.S.C. section 3553(f). Garza argued that he qualified for safety valve relief because he "truthfully provided to the [g]overnment all information

and evidence[] he ha[d] about this offense before the sentencing hearing." Garza argued that he met with "case agents to provide the [g]overnment all information and evidence that he had about the offense," including "the transactions, communications[,] and specific details of this conspiracy to distribute methamphetamine." He told the government that he "was the source of the methamphetamine," but "the [g]overnment and its agents did not want to discuss the specifics of *this* conspiracy."

The government opposed Garza's eligibility for safety valve relief, arguing that he failed to disclose everything he knew about the conspiracy. Specifically, the government argued that Garza refused to answer the following questions: (1) "From whom did he obtain the methamphetamine?" (2) "How did he come into contact with the supplier(s)?" (3) "What was the supplier's phone number?" (4) "What, if any, other numbers did the supplier(s) utilize?" (5) "Where did Garza go to obtain the methamphetamine?" (6) "If it was someone's residence, where was it?" (7) "What did this residence look like?" (8) "Who else was in the residence?" (9) "Was there any evidence of drug trafficking in the house, such as additional narcotics, money, firearms, or drug paraphernalia?" (10) "What did Garza do with the money made from selling methamphetamine?" (11) "What bank accounts, if any, did he use to conceal proceeds?" (12) "How was he able to pay for his antique Chevy Caprice with aftermarket additions or his 2019 Dodge Hellcat when [he] . . . had no reported income with the State of Florida

since 2017?" (13) "Why [we]re these cars registered in the name of a family member?"

At sentencing, Garza argued that the unanswered questions didn't apply to the offenses of conviction. He argued that "the four corners of this conspiracy began and ended with this sale" and that there was "no evidence or information that during this conspiracy there was yet another person who sourced the methamphetamine." Garza contended that the unanswered questions related to "previous conspiracies or previous drug sales that ha[d] nothing to do with this conspiracy." He maintained that this conspiracy consisted of "three people"—Garza, the codefendant, and the confidential informant—and that "[h]e was the source" of the methamphetamine "for this conspiracy."

The government argued that Garza was indicted for conspiring with "other persons, both known and unknown," and that the conspiracy included the unknown participants in Garza's "chain of distribution." The government argued that Garza knew more about where the methamphetamine came from and that he withheld information from the government.

The district court agreed with the government. The district court explained that Garza wasn't "claiming that he actually [wa]s the originator of the drugs." "[T]he natural inference" from Garza's guilty plea to a conspiracy charge was that "he would be able to say where he got his drugs from," explained the district court. Because Garza failed to disclose that information, the district court found Garza ineligible for safety valve relief.

## II.

We review the district court's factual finding in denying Garza's safety valve relief for clear error. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997) (reviewing the district court's finding that the defendant didn't provide a "complete and honest disclosure to the government" for clear error).

## III.

Safety valve relief "allows for sentencing without regard to any statutory minimum, with respect to certain offenses," *United States v. Milkintas*, 470 F.3d 1339, 1344 (11th Cir. 2006) (citation omitted), as long as the defendant satisfies the criteria established in section 5C1.2, *Cruz*, 106 F.3d at 1557. Under section 5C1.2, "not later than the time of the sentencing hearing," the defendant must "truthfully provide[] to the [g]overnment all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." § 5C1.2(a)(5).

We've called this part of section 5C1.2 the "tell all" provision. *United States v. Johnson*, 375 F.3d 1300, 1302 (11th Cir. 2004) (cleaned up). "[T]o meet its requirements, the defendant has an affirmative responsibility to 'truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct.'" *Id.* (citation omitted). "The burden is on the defendant to come forward and to supply truthfully to the government all the information that he possesses about his involvement

in the offense, including information relating to the involvement of others and to the chain of the [drug] distribution." *Cruz*, 106 F.3d at 1557.

The district court didn't clearly err in finding that Garza didn't "tell all" about the chain of methamphetamine distribution. It was Garza's burden to show that he disclosed to the government everything he knew about the conspiracy and his possession and distribution of the methamphetamine. *See id.* But Garza refused to disclose anything about how he obtained the methamphetamine. While Garza argues that he disclosed everything he knew about "this conspiracy" and that the source of the methamphetamine was part of "previous conspiracies or previous drug sales that ha[d] nothing to do with this conspiracy," we've already rejected a similar argument. *See United States v. Camacho*, 261 F.3d 1071, 1073 (11th Cir. 2001). A defendant's "refusal to reveal his source" of the drugs after pleading guilty to a drug conspiracy offense disqualifies him from safety valve relief for failing to "truthfully provide the government with all of the information he had concerning the offense." *Id.*

Section 5C1.2 requires disclosure of a broad range of information, *Johnson*, 375 F.3d at 1302, and that information includes details known to the defendant about the source of the drugs in a drug conspiracy case, *Camacho*, 261 F.3d at 1073. Garza conceded that he didn't disclose information about the source of the methamphetamine, so the district court's finding that he failed to "tell

21-13294                Opinion of the Court                7

all" under section 5C1.2 was not clearly erroneous. That made Garza ineligible for safety valve relief.

**AFFIRMED.**